PATRICIA K. GILLETTE (STATE BAR NO. 74461)
ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
GREG J. RICHARDSON (STATE BAR NO. 203788)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759
pgillette@orrick.com
alivingston@orrick.com
grichardson@orrick.com

JOSEPH C. LIBURT (STATE BAR NO. 155507)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401
jliburt@orrick.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.
(sued as "Wells Fargo Bank")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK PIERCE | Case No. _____ |
| Plaintiff, | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (Federal Question Jurisdiction) |
| v. | |
| WELLS FARGO BANK, and DOES 1 through 20, inclusive, | |
| Defendants. | |

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF PATRICK PIERCE AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Defendant"), incorrectly identified as "Wells Fargo Bank," hereby removes to this Court the state court action described below.

## I.    BACKGROUND

1.    On February 4, 2008, Plaintiff Patrick Pierce ("Plaintiff") commenced an action in the Superior Court for the County of Santa Clara entitled "Patrick Pierce v. Wells Fargo Bank and Does 1-10, inclusive," Case No. 108CV104870 (the "Action"). The allegations of the Complaint are incorporated by reference into this notice without admission that any of them are true. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2.    February 20, 2008 was the first date upon which Defendant was served with a copy of the Summons and *Complaint for Breach of Contract, Promissory Estoppel, Fraud, and Negligent Misrepresentation* ("Complaint"). Fewer than 30 days have elapsed since this action became removable to this Court. Except as described herein, Defendant has not been served with any pleadings in this Action.

3.    "Wells Fargo Bank" is the only named defendant in this action. There are no other defendants in this action other than the fictitiously named "Doe" defendants. Defendant is informed and believes that the fictitiously named "Doe" defendants have not been named or served with process or any other pleading in this Action.

4.    Defendant is informed and believes that Exhibit A constitutes all pleadings filed and served in this Action.

## II.    JURISDICTION/GROUNDS FOR REMOVAL

1.    Defendant removes the Action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1144(a).

2.    This Court has federal question jurisdiction over the Action based on the following facts.

(a)     In his Complaint, Plaintiff claims deprivation of severance benefits available under the Greater Bay Bancorp "Change in Control Pay Plan" (the "Plan") to eligible employees of the former Greater Bay Bancorp in conjunction with its merger with Wells Fargo Bank. (Complaint ¶ 6). The Plan is an employee welfare benefit plan subject to the provisions of ERISA, 29 U.S.C. Sections 1001, *et seq.*

(b)     This Action is subject to removal pursuant to 28 U.S.C. § 1441(b), in that it arises under a federal law because it requires a court to interpret the provisions of an employee benefit plan subject to ERISA and seeks to recover benefits allegedly due under the Plan. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding that state law claims that seek benefits available under an ERISA plan are recharacterized as ERISA claims, are completely preempted under ERISA § 502(a), 29 U.S.C. § 1132(a), and are therefore removable to federal court, 29 U.S.C. § 1132(f)). Thus, this Court has jurisdiction pursuant to 29 U.S.C. § 1144(a) and 28 U.S.C. § 1331. *Id. See also Emard v. Hughes Aircraft Co.*, 153 F.3d 949, 957 (9th Cir. 1998) (noting that where the existence or calculation of ERISA benefits are in dispute, ERISA preempts state law claims); *In re: Marriage of Nasca v. Peoplesoft*, 1999 WL 64947 (N.D. Cal. 1999) (noting courts have found complete ERISA preemption where the quality, nature or existence of ERISA benefits is at issue; *Farr v. U.S. West, Inc.*, 58 F.3d 1361, 1365-66 (9th Cir. 1995) (noting that ERISA preemption applies where the precise damages and benefits plaintiff claims depend on employee benefit plan); *AT&T Communications, Inc. v. Superior Court*, 21 Cal. App. 4th 1673, 1678, 1683 (1994) (ERISA preempts because rights of the parties cannot be determined without examining plan); *see also General American Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993) (key to preemption inquiry is "recognizing that the statute comprehensively regulates certain relationships" such as employer and employee).

(c)     Plaintiff alleges that he was deprived of and is entitled to severance benefits under the Plan. Because Plaintiff's allegations require the Court to interpret the Plan to determine whether Plaintiff was entitled to severance benefits, the claims are preempted by ERISA. State law claims relating to employee benefit plans are preempted. *Geweke Ford v. St. Joseph's Omni Pref. Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997) (state contract law that reaches a

3

relationship regulated by ERISA is preempted); *Sorosky v. Burroughs*, 826 F.2d 794, 800 (9th Cir. 1987) (breach of contract claim preempted); *Davidian v. Southern California Meat Cutters Union*, 859 F.2d 134, 135 (9th Cir. 1989) (fraud claim preempted); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505 (9th Cir. 1985) (ERISA preempts fraud claim relating to loss of benefits and contract claim alleging denial of benefits due); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984) (fraud and breach of contract claims preempted); *Johnson v. District 2 Marine Engineers Beneficial Ass n*, 857 F.2d 514, 517-18 (9th Cir. 1988) (ERISA generally preempts claims for intentional infliction of emotional distress); *see also, Stiltner v. Berretta, U.S.A. Corp.*, 1996 WL 42225 (4th Cir. 1996) (citing cases holding that ERISA preempts intentional infliction claims).

(d)    Thus, this is a civil action of which the district courts have original jurisdiction on a claim arising under the laws of the United States which is removable without regard to the citizenship or residence of the parties.

(e)    To the extent any claim survives ERISA pre-emption, such claim is within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

3.    The removal is timely under 28 U.S.C. §1446(b) because this Notice is filed within 30 days after service of a copy of the Complaint.

4.    Venue lies in this Court because plaintiff's state court action was filed in this district.

5.    This Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, 29 U.S.C. § 1144, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

Dated: March 20, 2008

PATRICIA K. GILLETTE
JOE C. LIBURT
GREG J. RICHARDSON
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
GREG J. RICHARDSON
Attorneys for Defendant
WELLS FARGO BANK, N.A.

4

# Exhibit A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STUART C. CLARK (SBN 124152) CHRISTINE S. WATSON (SBN 218006) CARR & FERRELL LLP 2200 Geng Road Palo Alto, California 94303 | |

TELEPHONE NO.: (650) 812-3400          FAX NO. (Optional):
E-MAIL ADDRESS (Optional): clark@carrferrell.com
ATTORNEY FOR (Name): Plaintiff PATRICK PIERCE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: PATRICK PIERCE

DEFENDANT/RESPONDENT: WELLS FARGO BANK, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 1-08-CV-104870 |
|---|---|

TO (insert name of party being served): WELLS FARGO BANK

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: (by electronic mail) February 4, 2008

Stuart C. Clark; Carr & Ferrell LLP
(TYPE OR PRINT NAME)                              ▶ _____
                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

    Civil Lawsuit Notice; Alternative Dispute Resolution Information Sheet

(To be completed by recipient):

Date this form is signed: 2·20·08

Cara A Sheean
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Wells Fargo Bank

▶ Cara A Sheean
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Senior Counsel

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>STUART C. CLARK (SBN 124152)<br>CHRISTINE S. WATSON (SBN 218006)<br>CARR & FERRELL LLP<br>2200 Geng Road<br>Palo Alto, California 94303<br>TELEPHONE NO.: (650) 812-3400     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* clark@carrferrell.com<br>ATTORNEY FOR *(Name):* Plaintiff PATRICK PIERCE | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
 STREET ADDRESS: 191 North First Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Jose 95113
 BRANCH NAME:

PLAINTIFF/PETITIONER: PATRICK PIERCE

DEFENDANT/RESPONDENT: WELLS FARGO BANK, et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>1-08-CV-104870 |

TO *(insert name of party being served):* WELLS FARGO BANK

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: (by electronic mail) February 4, 2008

Stuart C. Clark; Carr & Ferrell LLP
_____      ▶      _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   Civil Lawsuit Notice; Alternative Dispute Resolution Information Sheet

*(To be completed by recipient):*

Date this form is signed: _____

_____      ▶      _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

# CIVIL LAWSUIT NOTICE

**ATTACHMENT CV-5012**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **108CV104870**

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:** If you do not do these three things, you may automatically lose this case.

---

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Mary Jo Levinger**     Department: **5**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JUL - 1 2008**   Time: **2:15 PM**   in Department **5**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>WELLS FARGO BANK,<br>and DOES 1-10, inclusive<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>PATRICK PIERCE | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>(ENDORSED)<br>FILED<br><br>FEB - 4  08<br><br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY _____ DEPUTY |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>191 North First Street<br>San Jose, CA  95113 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**1 0 8 C V 1 0 4 8 7 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart C. Clark and Christine S. Watson
Carr & Ferrell LLP, 2200 Geng Road, Palo Alto, CA  94303; (650) 812-3400

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | **FEB - 4 2008**<br>**Kiri Torre**<br>**Chief Executive Officer/Clerk** | Clerk, by _____<br>*(Secretario)* J. Cao-Nguyen | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

 under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Page 1 of 1<br>**SUMMONS**<br>Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

(ENDORSED)
FILED

FEB -4 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| PATRICK PIERCE,<br><br>            Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK,<br>and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO. **1 0 8 C V 1 0 4 8 7 0**<br><br>**COMPLAINT FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION** |

I.    INTRODUCTION

1.    Plaintiff Patrick Pierce ("Pierce") is currently an employee of defendant Wells Fargo Bank ("WFB"), and was previously employed by non-party Greater Bay Bancorp ("GBB"). During 2007 WFB acquired GBB, and in the course of so doing GBB and WFB made promises and representations to Pierce and other similarly situated GBB employees that after the effective date of the acquisition WFB would not force Pierce and other similarly situated GBB employees to accept positions at WFB, but would permit them to instead elect benefits under a Change in Control Pay Plan.  However, when Pierce sought to elect benefits under the Change in Control Pay Plan pursuant to WFB's promises and representations, WFB refused to make those benefits available to him, and WFB has persisted in such refusal.  Pierce accordingly seeks by this action to compel WFB to provide the promised and represented benefits that WFB has refused to provide.  Pierce also seeks payment of costs, and such other relief as may be appropriate.

II.    PARTIES

2.    Plaintiff Patrick Pierce is an individual who works for WFB in Palo Alto, in the County of Santa Clara.

3.    Defendant Wells Fargo Bank N.A. is a national banking association with its principal place of business in California, and which carries on business in, among other places, the County of Santa Clara.

4.    Pierce is ignorant of the true names or capacities of the individual and business entity defendants sued herein under the fictitious names Doe 1 through 10 inclusive.  Pierce will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.  Each of such defendants is in some way responsible for the wrongful acts complained of below.

III.    GENERAL ALLEGATIONS

5.    During or about May, 2007 WFB and GBB entered into an agreement under which WFB agreed to acquire GBB in a stock-for-stock merger.  That acquisition was implemented on its effective date of October 1, 2007.

6.    At the time that the merger of WFB and GBB was implemented there was in existence a Change in Control Pay Plan (the "CIC Plan") at GBB which provided severance benefits for eligible employees of GBB whose employment terminated in connection with the merger, or who were constructively terminated by not being offered comparable positions with WFB.  In the case of Pierce those severance benefits (the "Severance Benefits") included but were not limited to the right to receive the equivalent of twelve months pay at the rate at which he was being compensated at the time of ceasing work, plus a bonus and other benefits.

7.    At various times, including but not limited to June 22, 2007 and September 10, 2007, authorized agents of GBB and WFB promised and represented to Pierce, and others similarly situated to him, that if Pierce and such others continued to work for GBB through the merger with WFB then Pierce and such others:

(a)    would not be forced to take positions with WFB after the merger that they did not want; and,

1      (b)      would be entitled to elect benefits under the CIC Plan if they elected not to take full

2              time positions with WFB.

3      8.      The promises and representations referred to in the preceding paragraph were made

4  to Pierce by, among others, Ken Shannon, Executive Vice President of GBB, and Jeanette Mebane,

5  Vice President of WFB.  Ken Shannon was expressly authorized by Don Fracchia, Executive Vice

6  President of WFB, to make such promises and representations on behalf of WFB.

7      9.      Acting in reliance on the promises and representations referred to above, Pierce

8  continued to work for GBB until the effective date of the merger, and did not pursue other

9  employment opportunities, in the expectation that if he chose not to work with WFB he would

10  receive the Severance Benefits under the CIC Plan.

11      10.    By letter dated November 1, 2007 WFB informed Pierce that the position that WFB

12  had "identified" for him post-merger was that of Loan Adjustment Manager 3 at WFB's Cowper

13  Street Branch in Palo Alto.  The letter further stated that this would be a transition position through

14  February 28, 2008, not a full-time position.

15      11.    By letter dated November 8, 2007 WFB took the position that the transition position

16  referred to in the preceding paragraph satisfied WFB's obligation under the CIC Plan to provide a

17  position of a kind that excused WFB from any obligation to pay the Severance Benefits to Pierce.

18      12.    By letters dated November 30, 2007 and December 10, 2007, counsel for Pierce

19  rejected WFB's position and reiterated Pierce's entitlement to receive the Severance Benefits.

20              IV.    <u>FIRST CAUSE OF ACTION</u>

21                  (Breach of Contract - GBB)

22      13.    Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

23      14.    The promises and representations referred to in paragraph 7, above, constituted

24  offers by GBB to pay Severance Benefits to Pierce and those similarly situated in the event that he

25  or any of them elected not to remain in the full-time employment of WFB after the merger.

26      15.    Pierce accepted the offers referred to in the preceding paragraph, both expressly and

27  by his conduct in continuing to work at GBB through the effective date of the merger.

28      16.    GBB breached the contract formed by the offer and acceptance referred to in

COMPLAINT FOR BREACH OF CONTRACT,
PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION

1  paragraphs 14 and 15, above, by refusing to pay Severance Benefits to Pierce after the effective

2  date of the merger.

3      17.    As a result of GBB's breach referred to in the preceding paragraph, Pierce has been

4  damaged in an amount according to proof, but which is not less than $250,000.

5      18.    As the successor entity following the merger between GBB and WFB, WFB is

6  responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

7  Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's

8  breach.

9      WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

10             V.    <u>SECOND CAUSE OF ACTION</u>

11             (Breach of Contract - WFB)

12      19.    Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

13      20.    The promises and representations referred to in paragraph 7, above, which were also

14  made by and/or on behalf of WFB, constituted offers by WFB to pay Severance Benefits to Pierce

15  and those similarly situated in the event that he or any of them elected not to remain in the full-time

16  employment of WFB after the merger.

17      21.    Pierce accepted the offer referred to in the preceding paragraph, both expressly and

18  by his conduct in continuing to work at GBB through the effective date of the merger.

19      22.    WFB breached the contract formed by the offer and acceptance referred to in

20  paragraphs 20 and 21, above, by refusing to pay Severance Benefits to Pierce after the effective

21  date of the merger.

22      23.    As a result of WFB's breach referred to in the preceding paragraph, Pierce has been

23  damaged in an amount according to proof, but which is not less than $250,000.

24      WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

25             VI.    <u>THIRD CAUSE OF ACTION</u>

26             (Promissory Estoppel - GBB)

27      24.    Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

28      25.    The promises and representations referred to in paragraph 7, above, constituted

1   promises by GBB to pay Severance Benefits to Pierce and those similarly situated in the event that

2   he or any of them elected not to remain in the full-time employment of WFB after the merger.

3         26.    Pierce relied on the promises and representations referred to in the preceding

4   paragraph, both expressly and by his conduct, including but not limited to by continuing to work at

5   GBB through the effective date of the merger, and in not seeking alternative employment.

6         27.    GBB failed and/or refused to perform in accordance with its promises and

7   representations referred to in paragraph 25, above, by refusing to pay Severance Benefits to Pierce

8   after the effective date of the merger.

9         28.    As a result of GBB's failure and/or refusal to perform referred to in the preceding

10   paragraph, Pierce has been damaged in an amount according to proof, but which is not less than

11   $250,000.

12         29.    Equity requires that GBB should be held liable for the damages sustained by Pierce,

13   in that the injustice to Pierce resulting from GBB's non-performance of its promises and

14   representations can be avoided only by the enforcement of those promises and representations.

15         30.    As the successor entity following the merger between GBB and WFB, WFB is

16   responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

17   Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's

18   failure and/or refusal to perform.

19         WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

20             VII.    FOURTH CAUSE OF ACTION

21                (Promissory Estoppel - WFB)

22         31.    Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

23         32.    The promises and representations referred to in paragraph 7, above, constituted

24   promises by WFB to pay Severance Benefits to Pierce and those similarly situated in the event that

25   he or any of them elected not to remain in the full-time employment of WFB after the merger.

26         33.    Pierce relied on the promises and representations referred to in the preceding

27   paragraph, both expressly and by his conduct, including but not limited to by continuing to work at

28   GBB through the effective date of the merger, and in not seeking alternative employment.

COMPLAINT FOR BREACH OF CONTRACT,
PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION

34.     WFB failed and/or refused to perform in accordance with its promises and representations referred to in paragraph 32, above, by refusing to pay Severance Benefits to Pierce after the effective date of the merger.

35.     As a result of WFB's failure and/or refusal to perform referred to in the preceding paragraph, Pierce has been damaged in an amount according to proof, but which is not less than $250,000.

36.     Equity requires that WFB should be held liable for the damages sustained by Pierce, in that the injustice to Pierce resulting from WFB's non-performance of its promises and representations can be avoided only by the enforcement of those promises and representations.

WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

## VIII.    FIFTH CAUSE OF ACTION

### (Fraud – Intentional Misrepresentation – GBB)

37.     Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

38.     By making the promises and representations to Pierce that are referred to in paragraph 7, above, the authorized agents of GBB referred to in paragraph 8, above, represented to Pierce that important facts were true, namely the content of the  promises and representations.

39.     Based on WFB's conduct subsequent to the effective date of the merger in denying that GBB promised and represented that Pierce and such others that he and they:

(a)     would not be forced to take positions with WFB after the merger that they did not want; and,

(b)     would be entitled to elect benefits under the CIC Plan if they elected not to take new full-time positions with WFB;

Pierce alleges on information and belief that the said promises and representations were false.

40.     Based on WFB's conduct subsequent to the effective date of the merger in denying that it made the promises and representations referred to in the preceding paragraph, Pierce alleges on information and belief that the said promises and representations were made knowing of their falsity or recklessly and without regard for the truth thereof.

41.     The authorized agents of WFB referred to in paragraph 8, above, made the promises

COMPLAINT FOR BREACH OF CONTRACT,
PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION

1   and representations to Pierce that are referred to in paragraph 7, above, with the intention that

2   Pierce should rely on the truth of such promises and representations.

3       42.    Pierce reasonably relied on the said promises and representations, among other

4   things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

5   employment opportunities, in the expectation that if he chose not to work full-time with WFB after

6   the merger he would receive the Severance Benefits under the CIC Plan.

7       43.    As a result of Pierce's reliance on GBB's promises and representations, he has been

8   damaged in an amount according to proof, but which is not less than $250,000.

9       44.    As the successor entity following the merger between GBB and WFB, WFB is

10   responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

11   Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's

12   breach.

13       WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

14                IX.    SIXTH CAUSE OF ACTION

15            (Fraud – Intentional Misrepresentation - WFB)

16       45.    Pierce realleges and incorporates by reference paragraphs 1 though 12, above.

17       46.    By making the promises and representations to Pierce that are referred to in

18   paragraph 7, above, the authorized agents of WFB referred to in paragraph 8, above, represented to

19   Pierce that important facts were true, namely the content of the promises and representations.

20       47.    Based on WFB's conduct subsequent to the effective date of the merger in denying

21   that it promised and represented that Pierce and such others that he and they:

22       (a)    would not be forced to take positions with WFB after the merger that they did not

23           want; and,

24       (b)    would be entitled to elect benefits under the CIC Plan if they elected not to take full-

25           time positions with WFB.

26   Pierce alleges on information and belief that the said promises and representations were false.

27       48.    Based on WFB's conduct subsequent to the effective date of the merger in denying

28   that it made the promises and representations referred to in the preceding paragraph, Pierce alleges

1    on information and belief that the said promises and representations were made knowing of their

2    falsity or recklessly and without regard for the truth thereof.

3        49.    The authorized agents of WFB referred to in paragraph 8, above, made the promises

4    and representations to Pierce that are referred to in paragraph 7, above, with the intention that

5    Pierce should rely on the truth of such promises and representations.

6        50.    Pierce reasonably relied on the said promises and representations, among other

7    things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

8    employment opportunities, in the expectation that if he chose not to work full-time with WFB he

9    would receive the Severance Benefits under the CIC Plan.

10        51.    As a result of Pierce's reliance on WFB's promises and representations, he has been

11    damaged in an amount according to proof, but which is not less than $250,000.

12        52.    As the successor entity following the merger between GBB and WFB, WFB is

13    responsible for the payment of all liabilities of GBB.  Consequently, WFB is liable for the damages

14    sustained by Pierce as a consequence of GBB's breach.

15        WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

16                    X.    SEVENTH CAUSE OF ACTION

17                        (Negligent Misrepresentation - GBB)

18        53.    Pierce realleges and incorporates by reference paragraphs 1 though 12, and 38, 39

19    and 41, above.

20        54.    Based on WFB's conduct subsequent to the effective date of the merger in denying

21    that it and/or GBB made the promises and representations referred to in the preceding paragraph,

22    Pierce alleges on information and belief that the said promises and representations were made

23    without reasonable grounds for believing that the promises and representations were true when

24    made.

25        55.    Pierce reasonably relied on the said promises and representations, among other

26    things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

27    employment opportunities, in the expectation that if he chose not to work full-time with WFB he

28    would receive the Severance Benefits under the CIC Plan.

56.     As a result of Pierce's reliance on GBB's promises and representations, he has been damaged in an amount according to proof, but which is not less than $250,000.

57.     As the successor entity following the merger between GBB and WFB, WFB is responsible for the payment of all liabilities of GBB under Corporations Code section 1107. Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's breach.

WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

## XI.     EIGHTH CAUSE OF ACTION

### (Negligent Misrepresentation - GBB)

58.     Pierce realleges and incorporates by reference paragraphs 1 though 12, and 46, 47, and 49, above.

59.     Based on WFB's conduct subsequent to the effective date of the merger in denying that it and/or GBB made the promises and representations referred to in the preceding paragraph, Pierce alleges on information and belief that the said promises and representations were made without reasonable grounds for believing that the promises and representations were true when made.

60.     Pierce reasonably relied on the said promises and representations, by, among other things, continuing to work for GBB until the effective date of the merger, and not pursuing other employment opportunities, in the expectation that if he chose not to work full time with WFB he would receive the Severance Benefits under the CIC Plan.

61.     As a result of Pierce's reliance on WFB's promises and representations, he has been damaged in an amount according to proof, but which is not less than $250,000.

WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

## X.     PRAYER

WHEREFORE, Pierce prays for judgment as follows:

1.     On the First Cause of Action, for breach of contract, for damages according to proof in an amount not less than $250,000;

2.     On the Second Cause of Action, for breach of contract, for damages according to

COMPLAINT FOR BREACH OF CONTRACT,
PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION

1    proof in an amount not less than $250,000;

2        3.      On the Third Cause of Action, for promissory estoppel, for damages according to

3    proof in an amount not less than $250,000;

4        4.      On the Fourth Cause of Action for promissory estoppel, for damages according to

5    proof in an amount not less than $250,000;

6        5.      On the Fifth Cause of Action, for fraud, for damages according to proof in an

7    amount not less than $250,000;

8        6.      On the Sixth Cause of Action, for fraud, for damages according to proof in an

9    amount not less than $250,000;

10        7.      On the Seventh Cause of Action, for negligent misrepresentation, for damages

11    according to proof in an amount not less than $250,000;

12        8.      For interest at the rate of 10% per annum;

13        9.      For costs of suit;

14        10.     For such further or alternative relief as may be appropriate.

15

16    Dated:  February 1, 2008                 CARR & FERRELL LLP

17

18                                        By: _____

19                                           STUART C. CLARK
                                             CHRISTINE S. WATSON
20                                           Attorneys for Plaintiff
                                             PATRICK PIERCE

21

22

23

24

25

26

27

28

{00286818v1}                              -10-
                        COMPLAINT FOR BREACH OF CONTRACT,
              PROMISSORY ESTOPPEL, FRAUD, AND NEGLIGENT MISREPRESENTATION