STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK,<br>and DOES 1 through 20,<br><br>　　　　Defendants. | CASE NO. C08-01554 JF (HRL)<br><br>**PIERCE'S EVIDENTIAL OBJECTIONS TO, AND MOTION TO STRIKE PORTIONS OF, DECLARATION OF GREG J. RICHARDSON, AND STATEMENTS IN WELLS FARGO'S MOVING PAPERS**<br><br>Date:　June 27, 2008<br>Time:　9.00 a.m.<br>Place:　Courtroom 3, 5th Floor<br>Judge:　Hon. Jeremy Fogel |

　　　Plaintiff Patrick Pierce ("Pierce") hereby objects to the admissibility of the following portions of the declaration of Greg J. Richardson dated March 27, 2008 (the "Richardson Declaration"):

| Objectionable Content | Grounds for Objection |
|---|---|
| Richardson Declaration, Paragraph 2: Allegation that Exhibit 1 is a true copy the Greater Bay Bancorp Change in Control Plan ("CIC Plan"). | Lack of personal knowledge, and hearsay (Federal Rules of Evidence 602 and 802): There is no foundation laid upon which Mr. Richardson, as outside counsel for defendant, would have personal knowledge of the authenticity of defendant's internal corporate records. Further, the document is not made admissible as a hearsay exception under Rule 803(6), because the referenced document is not a memorandum, report, etc. of acts, events, |

| Objectionable Content | Grounds for Objection |
|---|---|
| | conditions, etc. that was made at or near the time of the acts, nor does it meet the other requirements of the exception. Indeed, it is counter-intuitive to suggest that an outside law firm might regularly maintain defendant Wells Fargo Bank's business records as part of the law firm's own records. |
| Richardson Declaration, Paragraph 3: Allegation that Exhibit 1 (CIC Plan) is a true copy of a record maintained by the Orrick law firm in the regular course of business. | As for paragraph 2, above. |
| Exhibit 1 to Richardson Declaration (CIC Plan). | As for paragraph 2, above. |

Based on the foregoing, and also on the independent grounds indicated below, Pierce moves to strike the following allegations of defendant's Motion to Dismiss Pursuant To FRCP 12(b)(6) (the "Motion"):

| Objectionable Content | Grounds for Objection |
|---|---|
| Motion, 2:2-7: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 2:22-10: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 2:22-3:3: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 3:9-10, and footnote 4: Statements with respect to alleged identity of employer. | Statements unsupported by any declaration or other admissible evidence. |
| Motion, 3:10-4:9: Statements with respect to coverage and alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 3:24-28, and footnotes 5 and 6: Statements with respect to alleged contents of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 4:22-24, and 27-28: Statements with respect to whether Pierce's position is a Comparable Position. | Statements unsupported by any declaration or other admissible evidence. |
| Motion, 5:5-13: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 5:20-25: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |

{00316071v1}

-2-

Pierce's Evidential Objections to, and Motion to Strike Portions of, Declaration of Greg J. Richardson, and Statements in Wells Fargo's Moving Papers (Case No. C08-01554 JF (HRL))

| Objectionable Content | Grounds for Objection |
|---|---|
| Motion, 5:26-28: "Representation" by defendant contains statements with respect to alleged exhaustion of remedies under CIC Plan. | Statements purport to recite facts that are unsupported by any evidence. |
| Motion, 7:21-22: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 8:7-10: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 9:11-19: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |
| Motion, 10:12-18: Statements with respect to alleged terms of CIC Plan. | Statements purport to recite facts relating to inadmissible exhibit to Richardson Declaration. |

In addition, Pierce objects to the admissibility of the Greater Bay Bancorp Change in Control Plan on the grounds that it constitutes extrinsic evidence inadmissible on a motion under Rule 12(b)(6).

Pierce accordingly requests that the objectionable content be ordered stricken from the record.

Dated: June 6, 2008

CARR & FERRELL *LLP*

By: /s/ Stuart Clark
STUART C. CLARK
CHRISTINE S. WATSON

Attorneys for Plaintiff
PATRICK PIERCE

{00316071v1}

-3-

Pierce's Evidential Objections to, and Motion to Strike Portions of, Declaration of Greg J. Richardson, and Statements in Wells Fargo's Moving Papers (Case No. C08-01554 JF (HRL))