PATRICIA K. GILLETTE (STATE BAR NO. 74461)
ANDREW R. LIVINGSTON (STATE BAR NO. 148646)
GREG J. RICHARDSON (STATE BAR NO. 203788)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1-415-773-5700
Facsimile:     +1-415-773-5759
pgillette@orrick.com
alivingston@orrick.com
grichardson@orrick.com

JOSEPH C. LIBURT (STATE BAR NO. 155507)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:     +1-650-614-7400
Facsimile:     +1-650-614-7401
jliburt@orrick.com

Attorneys for DEFENDANT
WELLS FARGO BANK, N.A. (sued as "Wells Fargo Bank")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, and Does 1-10, inclusive,<br><br>　　　　　Defendant. | Case No. CV 08 1554 JF<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date: June 27, 2008<br><br>Time: 9:00 a.m.<br>Courtroom: 3, Fifth Floor<br>The Honorable Jeremy Fogel |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................2

    A. Plaintiff Was A Participant In A Change In Control Plan That Made Him Eligible To Receive Severance Benefits.........................................................................2

    B. Plaintiff Alleges Wells Fargo Made And Then Breached An Oral Modification To The CIC Plan .....................................................................................3

    C. Plaintiff Files A Complaint In State Court, And Then Subsequently Seeks To Exhaust His Administrative Remedies Under ERISA ............................................4

III. ARGUMENT.........................................................................................................................5

    A. ERISA Preemption Provides Federal Subject Matter Jurisdiction ..........................5

    B. ERISA Preempts Each And Every One Of Plaintiff's State Law Claims ...............6

        1. The CIC Plan Is An ERISA Plan..................................................................7

        2. Plaintiff Is A "Participant" Of An ERISA Plan As Defined By ERISA ...........................................................................................................8

        3. Plaintiff Admits He Is Seeking ERISA Benefits ........................................11

    C. Even If Plaintiff's Motion For Remand Were Somehow Granted, Fees And Costs Should Not Be Awarded .........................................................................15

IV. CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aetna Life Ins. Co.* v. *Bayona*,
  223 F.3d 1030 (9th Cir. 2000) ............................................................................................... 11

*Blau* v. *Del Monte Corp.*,
  748 F.2d 1348 (9th Cir. 1984) ................................................................................................. 6

*Circle Industries USA, Inc.* v. *Parke Const. Group, Inc.*,
  183 F.3d 105, (2d Cir. 1999) ................................................................................................. 15

*Communications Workers of Am.* v. *AT&T*,
  40 F.3d 426 (D.C. Cir. 1994) ................................................................................................ 11

*Curtis* v. *Nev. Bonding Corp.*,
  53 F.3d 1023, (9th Cir. 1995) ................................................................................................. 7

*Davenport* v. *Harry N. Abrams, Inc.*,
  249 F.3d 130 (2nd Cir. 2001) ................................................................................................ 11

*Farr* v. *U.S. W. Comms., Inc.*,
  151 F.3d 908 (9th Cir. 1998) *cert. denied* 528 U.S. 1116 (2000) ......................................... 11

*Fort Halifax Packing Co., Inc.* v. *Coyne*,
  482 U.S. 1 (1987) ..................................................................................................................... 7

*Frahm* v. *Equitable Life Assurance Society*,
  137 F.3d 955 (7th Cir. 1998) ................................................................................................. 14

*Gelardi* v. *Pertec*,
  761 F.2d 1323 (9th Cir. 1985) ................................................................................................. 8

*Gibson* v. *Prudential Ins. Co.*,
  915 F.2d 414 (9th Cir. 1990) ................................................................................................... 8

*Greany* v. *W. Farm Bureau Life Ins. Co.*,
  973 F.2d 812 (9th Cir. 1992) ................................................................................................. 13

*Madden* v. *ITT Long Term Disability Plan*,
  914 F.2d 1279 (9th Cir. 1990) *cert. denied* 498 U.S. 1087 (1991) ........................................ 8

*Metropolitan Life Ins. Co.* v. *Taylor*,
  481 U.S. 58 (1987) ........................................................................................................ 4, 5, 6

*Miller* v. *Rite Aid Corp.*,
  504 F.3d 1102 (9th Cir. 2007) ................................................................................... 6, 8, 9, 14

*Natchwalter* v. *Christie*,
  805 F.2d 956 (11th Cir. 1986) ............................................................................................... 13

*Pilot Life Ins. Co.* v. *Dedeaux*,
  481 U.S. 41 (1987) ............................................................................................................ 5, 11

*Rutledge* v. *Seyfarth, Shaw, Fairweather & Geraldson*,
    201 F.3d 1212 (9th Cir. 2000) *cert. denied* 531 U.S. 992 (2000) .......................................... 11

*Scott* v. *Gulf Oil Corp.*,
    754 F.2d 1499 (9th Cir. 1985) ........................................................................... 7, 9, 10, 14

*Sorofsky* v. *Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987) ................................................................................... 10

*Stiltner* v. *Beretta*,
    74 F.3d 1473 (4th Cir. 1996) ..................................................................................... 8

*Thurman* v. *Pfizer, Inc.*,
    484 F.3d 855 (6th Cir. 2007) ................................................................................... 12

**FEDERAL STATUTES**

28 U.S.C. § 1447(c) .................................................................................................... 15

29 U.S.C. § 1002(1) ..................................................................................................... 7

29 U.S.C. § 1002(7) ..................................................................................................... 8

29 U.S.C. § 1102 ....................................................................................................... 13

29 U.S.C. § 1132(2) ................................................................................................... 5, 6

29 U.S.C. §§ 1144(a) ................................................................................................. 5, 6

29 U.S.C. § 1144(c)(1) .................................................................................................. 5

29 U.S.C. § 1132(a) ................................................................................................... 4, 5

29 U.S.C. § 1132(f) ..................................................................................................... 5

ERISA § 502(a) ........................................................................................................ 4, 5

ERISA § 514(a) .......................................................................................................... 5

I. **INTRODUCTION**

As nonsensical as it sounds, Plaintiff argues that his state law claims cannot be preempted by ERISA because he does not seek to recover ERISA benefits under state law, but instead seeks to recover ERISA benefits under state law. To be fair, Plaintiff does not articulate his theory of why removal was improper so succinctly, but rather spends 15 pages making the equivalent argument. Even though Plaintiff admits that he was covered by an existing ERISA plan – a Change in Control ("CIC") Plan provided to him by his former employer, Greater Bay Bancorp ("GBB")[1] – and concedes that he believes severance benefits were wrongfully denied him under this Plan, he nonetheless argues that his state law causes of action to recover these ERISA benefits are somehow "unrelated" to the ERISA plan and protected from removal. If Plaintiff's theory of ERISA preemption is credited, it is impossible to envision what state law claims would or could ever be preempted by ERISA.

Under the CIC Plan, employees like Plaintiff become entitled to severance benefits if there is a change in control (as defined by the Plan), they lose their jobs, and they are not offered "comparable positions" with the acquiring entity. In this case, the parties do not dispute that there was a change in control when GBB was acquired by Wells Fargo. The only potential dispute (though it is one that must be resolved between the Plan and Plaintiff, not Wells Fargo and Plaintiff) is whether Plaintiff was offered a "comparable position" after the change in control and thus entitled to severance benefits. But it is that potential dispute that dooms Plaintiff's Motion for Remand. Plaintiff concedes he is planning to seek ERISA benefits through a separate cause of action pursued under ERISA, but says his present lawsuit is different because it seeks to enforce an alleged oral modification that supplements the terms of the CIC Plan. Specifically, Plaintiff alleges that agents of GBB and Wells Fargo orally represented that he "would be entitled to elect severance benefits under GBB's Change in Control Plan if [he] elected not to take [a] full time

---

[1] GBB was acquired by Wells Fargo, leading to the present lawsuit. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") employed Plaintiff after the acquisition, and has been sued as the successor in interest. As set forth in Wells Fargo's Motion to Dismiss, which is to be heard at the same time as the present motion, Wells Fargo is the wrong entity to sue because Plaintiff's claims are all preempted by ERISA. Thus, the ERISA Plan itself, not Wells Fargo, is the proper defendant. Since Plaintiff has pursued his claims against Wells Fargo, however, Wells Fargo responds to his Motion for Remand.

1

position[] with WFB," apparently regardless of whether the proffered position was a "comparable position" as defined by the CIC Plan. (Declaration of Patrick Pierce ("Pierce Dec."), ¶ 5(b).) But as the Ninth Circuit has held, such attempts to supplement ERISA duties through oral representations are not permitted under ERISA, and this would be true whether those attempts are characterized by Plaintiff as federal or state law causes of action.

Plaintiff's real confusion about the scope of ERISA preemption is shown by his attempts in page after page of his brief to distinguish every case cited by Wells Fargo in its Notice of Removal or, worse, to directly analogize those cases to his own. Plaintiff is correct that some of the cases he cites hold that even when a party is seeking ERISA benefits under state law, state law claims are not always preempted. But that is only when the plaintiff was not actually a participant in the ERISA plan he or she seeks to enforce (and thus has no standing to sue), or there is no actual ERISA plan in place to provide benefits. Thus the rule of preemption derived from those cases is that there can be no ERISA preemption of a state law claim if there never could be any ERISA claim pursued in the first instance. That is not the case here: Plaintiff has conceded, and the evidence establishes, that there is an ERISA plan (the CIC Plan) of which he was a participant (as that term is defined by ERISA), and he himself acknowledges he can and plans to bring an ERISA cause of action to recover the same benefits he seeks in his state law claims. Each of his state law claims is therefore preempted and Plaintiff's Motion for Remand should be denied.

## II.  STATEMENT OF FACTS

### A.  Plaintiff Was A Participant In A Change In Control Plan That Made Him Eligible To Receive Severance Benefits.

Plaintiff was employed by Greater Bay Bank ("GBB"). (Compl., ¶ 1.) As an employee of GBB, Plaintiff was covered by a Change in Control Pay Plan ("the CIC Plan"). (*Id.*, ¶¶ 1, 6; Declaration of Greg J. Richardson ("Richardson Dec."), Exh. 1.) The CIC Plan is an ERISA plan that provides severance benefits to eligible employees upon a change of control. (Compl, ¶ 6; Richardson Dec., Exh. 1.) The CIC Plan defines "employees" to include "any full-time employee" of GBB, such as Plaintiff. (Richardson Dec., Exh. 1, §§ 3.10, 3.12, pp. 4-5.) The Plan

defines a "change of control" to occur when, among other things, another company "becomes the beneficial owner, . . . directly or indirectly, of more than fifty percent (50%) of [GBB's] capital stock. . . ." (Richardson Dec., Exh. 1, § 3.5(a), p. 3.)

Upon a change in control, employees become eligible for severance benefits subject to various exceptions. One of these exceptions is whether the GBB employee is "provided a Comparable Position (as defined in Section 4.3 below) by the successor employer or by a Member Company, *regardless of whether the Employee accepts the offer* . . . ." (*Id.*, § 4.2(b), p. 6 (italics added).) Section 4.3 of the CIC Plan defines a "Comparable Position" as one that:

> (a) [p]rovides a regular base salary or hourly wage rate that is not less than one hundred percent (100%) of the regular base salary or hourly wage rate of the position held by the Employee immediately prior to the effective time of the Change in Control; [and]
>
> (b) [i]s based at a principal place of employment that would not require the Employee to increase his normal one-way commute from his home to the new primary work site by more than thirty-five (35) miles each way . . . .

(*Id.*, § 4.3, p. 7.) Thus, the written terms of the CIC Plan establish that employees such as Plaintiff are not permitted to turn down all positions offered by a successor company and still receive severance benefits.

### B. Plaintiff Alleges Wells Fargo Made And Then Breached An Oral Modification To The CIC Plan.

Plaintiff alleges that on October 1, 2007, a change in control occurred under the CIC Plan when Wells Fargo acquired GBB in a stock-for-stock merger. (Compl., ¶ 5.) Prior to this acquisition, Plaintiff alleges that "authorized agents of GBB and [Wells Fargo] promised and represented" that if he continued to work at GBB through the merger, "he would not be forced to take positions with [Wells Fargo] after the merger that [he] did not want" and that, contrary to Section 4.2(b) of the CIC Plan, he "would be entitled to elect benefits under the CIC Plan if [he] elected not take [a] full time position[] with [Wells Fargo]." (Compl., ¶ 7; *see also* ¶ 9 ("[Plaintiff had an] expectation that if chose not to work with [Wells Fargo] he would receive the Severance Benefits under the CIC Plan.").)

According to Plaintiff, based on these representations, he continued his employment with GBB through the merger. Following the merger, Plaintiff was offered a job by Wells Fargo that Wells Fargo maintained, but Plaintiff now challenges, constituted a Comparable Position under the CIC Plan. (Compl., ¶¶ 10-12; Pl.'s Mtn. for Remand at 2.) Plaintiff asked that he be given severance benefits in the amount of $250,000 despite the offer of this Comparable Position. (Compl., ¶¶ 11, 12, 17, 23, 28, 35, 43, 51, 56, 61; Prayer, ¶¶ 1-7.) Plaintiff's request was denied. (Compl., ¶¶ 11-12.)

### C. Plaintiff Files A Complaint In State Court, And Then Subsequently Seeks To Exhaust His Administrative Remedies Under ERISA.

The CIC Plan, as required under ERISA, outlines a "Claims Procedure" for employees seeking severance benefits under the Plan. (Richardson Dec., Exh. 1, § 6.5, pp. 11-13.) The CIC Plan expressly requires these procedures be exhausted by a claimant prior to bringing any legal action. (*Id.*, § 6.5(f) ("Exhaustion of Remedies").) Notwithstanding these express requirements, Plaintiff filed a Complaint in the Superior Court of California For the County of Santa Clara on February 4, 2008. In this Complaint, Plaintiff asserts only state law causes of action, each attempting to recover the severance benefits he alleges are due to him. Specifically, Plaintiff alleges claims for breach of contract, promissory estoppel, fraud, and negligent misrepresentation. Because each of Plaintiff's state law claims seeks benefits provided by the ERISA CIC Plan, Wells Fargo removed the case to this Court on March 20, 2008. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (finding that state law claims that seek benefits available under an ERISA plan are completely preempted under ERISA § 502(a), 29 U.S.C. § 1132(a), and thus removable to federal court).

After filing his Complaint, Plaintiff applied to the CIC Plan Administrator for the same ERISA CIC Plan benefits sought in his lawsuit. His application was denied on April 24, 2008 because it was determined that Plaintiff was offered a Comparable Position by Wells Fargo and thus not entitled to benefits. (Richardson Dec., Exh. 2.) Plaintiff states he will likely pursue a separate ERISA cause of action challenging any denial. (Pl.'s Mtn. for Remand at 7.)

III.  **ARGUMENT**

    A.  **ERISA Preemption Provides Federal Subject Matter Jurisdiction.**

State law claims are preempted by two separate sections of ERISA: Sections 514(a) and 502(a). 29 U.S.C. §§ 1144(a), 1132(a). Section 514(a) expressly preempts any state laws that "relate to" employment benefit plans.[2] 29 U.S.C. § 1144(a). This includes any state common law claims to the extent they "relate to" an employment benefit plan. 29 U.S.C. § 1144(c)(1) ("[State law includes] all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."). Likewise, the United States Supreme Court has held that ERISA section 502(a), which provides the exclusive remedies for any claim brought against an employee benefit plan, impliedly and completely preempts all state law remedies and claims seeking such remedies. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). Such preemption, the Court held, confers federal subject matter jurisdiction. *Metropolitan Life Ins. Co.*, 481 U.S. at 63-64.

Regarding the latter issue, a point of clarification to Plaintiff's motion is needed. In his moving brief, Plaintiff states that because his Complaint "manifestly asserts only state common law claims, . . . it follows, therefore, that removal was not permissible under the standards of the well-pleaded complaint rule." (Pl.'s Mtn. for Remand at 8.) Plaintiff concedes that removal is proper if any of his claims are preempted by ERISA, but labels this rule as a doctrine separate from the well-pleaded complaint rule. He is wrong. In *Metropolitan Life*, the U.S. Supreme Court acknowledged that preemption is normally an affirmative defense that does not raise a federal claim under the well-pleaded complaint rule, so removal is usually improper. However, ERISA preemption under section 502(a) is so complete that it essentially recharacterizes state law claims as federal ERISA claims. 481 U.S. at 63-64 (holding that state law claims that seek benefits available under an ERISA plan are ERISA claims because they are completely preempted under ERISA § 502(a), 29 U.S.C. § 1132(a), and are therefore removable to federal court, 29 U.S.C. § 1132(f)). Thus, under the well-pleaded complaint rule, if ERISA preemption is

---

[2] Section 514 excepts any state law regulating insurance. 29 U.S.C. § 1144(a).

5

1  implicated, there is a federal claim pled implicitly if not "manifestly," and removal is proper.

2  This point may seem merely academic, but Wells Fargo makes it because Plaintiff at other points in his brief attempts to distinguish various cases by saying that those cases included express ERISA claims, while his does not. For example, Plaintiff attempts to distinguish *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1984), by stating that that case "merely holds that plaintiffs' unspecified state law claims are preempted because – unlike here – a cause of action was expressly asserted under ERISA."[3] (Pl.'s Mtn. for Remand at 15.) Nothing in *Blau*, much less in *Metropolitan Life*, limits removal jurisdiction to cases where an ERISA claim is expressly pled. To the contrary, that was the entire issue decided by the Court in *Metropolitan Life* (after all, there was no unresolved issue in 1987 about whether a complaint could be removed to federal court if it expressly pursued a federal cause of action, including one under ERISA). To the extent Plaintiff argues otherwise, he is wrong.

### B.  ERISA Preempts Each And Every One Of Plaintiff's State Law Claims.

Since there is no dispute as to whether ERISA provides federal question jurisdiction, the only question to answer is whether any of Plaintiff's claims as pled is preempted by ERISA. Plaintiff spends his entire brief suggesting that there is no preemption of his state law claims for breach of contract, promissory estoppel, fraud, and negligent misrepresentation because these are common law claims recognized by the State of California. Plaintiff is of course correct that he has brought cognizable California claims, but that merely raises the question of preemption, it does not resolve it.

As set forth above, preemption occurs whenever a state law claim seeks remedies available to a plaintiff under an ERISA plan. 29 U.S.C. §§ 1144(a), 1132(a). In *Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1105-06 (9th Cir. 2007) – a case cited by Plaintiff for "support" of his position – the Ninth Circuit recently reiterated that preemption of state law claims occurs

---

[3] Plaintiff also incorrectly states that *Blau* does "not discuss preemption of breach of contract and fraud claims, and the state law claims asserted by the plaintiff in that case are not even identified in the opinion." (Pl.'s Mtn. for Remand at 15.). The opinion actually does identify the claims, noting "[t]he remaining causes of action were based on state common law theories of liability (*breach of contract* implied in fact; promissory estoppel; estoppel by conduct; *fraud* and deceit; and *breach of contract*)." 748 F.2d at 1356 (emphases added). Thus it is on point.

whenever a plaintiff seeks ERISA benefits through a state law cause of action, with the caveats that there must actually be an ERISA plan to enforce and that the plaintiff be a "participant" or "beneficiary" of the ERISA plan. *Id.* ("ERISA does not preempt the claims of parties who do not have the right to sue under ERISA because they are neither participants in nor beneficiaries of an ERISA plan.") (citing *Curtis v. Nev. Bonding Corp.*, 53 F.3d 1023, 1027 (9th Cir. 1995)). This holding stems from notions of fundamental fairness and common sense. If a party cannot actually ever pursue any claim under ERISA – e.g., because there is no ERISA plan or the plaintiff was not a participant in a plan – then a court cannot very well hold that a state law cause of action is preempted by a non-existent ERISA cause of action. The facts establish here, however, that GBB created an ERISA Plan; Plaintiff was a participant of the Plan; and his state law theories all seek to recover benefits under the Plan. Thus, they are preempted and removal was proper.

### 1. The CIC Plan Is An ERISA Plan.

Regarding the first requirement for ERISA preemption, Plaintiff does not challenge that GBB's CIC Plan is an ERISA Plan, but rather chooses to "assume[e] for sake of argument, without admitting, that the [CIC Plan] is such a plan." (Pl.'s Mtn. for Remand at 10.) He thus proffers no evidence and no argument to establish the CIC Plan is *not* an ERISA plan. Nor could he.

As set forth in Wells Fargo's Motion to Dismiss, the CIC Plan is indeed an ERISA plan. ERISA defines an "employee benefit plan" as including a plan established by an employer to provide severance benefits to participants. 29 U.S.C. § 1002(1); *see Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir. 1985) (holding that a plan that guaranteed severance payments was an ERISA plan). And, as Plaintiff alleges, that is exactly what the CIC Plan is: its sole purpose is to provide severance benefits to participants in the event of a change in control. (Compl., ¶ 6; Richardson Dec., Exh. 1 (*see* § 6.5(f), p. 13, referencing ERISA).)

Moreover, the hallmark of an ERISA plan is that it not require merely a "one-time, lump sum payment" that is triggered absent any exercise of discretion to determine eligibility. *See Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11-12 (1987) (holding that Maine statute that required lump-sum severance benefits to all employees in a plant closing was not preempted by

ERISA because it did not require creation or ongoing administration of an ERISA plan to determine who was eligible). The CIC Plan here involves the exercise of discretion to determine an employee's eligibility: as set forth above, an employee is eligible for severance benefits upon a change in control only if he is terminated and not offered a Comparable Position. The determination, for instance, of whether any offered position is comparable is not mechanical, but requires analysis and a determination by the Plan Committee. Suffice it to say that the evidence and the law establishes that the CIC Plan is an ERISA benefit plan, and the first predicate for preemption is met.[4]

### 2. Plaintiff Is A "Participant" Of An ERISA Plan As Defined By ERISA.

The second requirement for ERISA preemption is also met here because Plaintiff is a "participant" in the CIC Plan with standing to sue. ERISA defines a "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Here, Plaintiff concedes he was a GBB employee covered by the CIC Plan. (Compl, ¶ 6; Pl.'s Mtn. for Remand at 3.) And the very terms of the Plan establish this, as the Plan expressly covers "any full-time employee" of GBB, including Plaintiff.[5] (Richardson Dec., Exh. 1, §§ 3.10, 3.12, pp. 4-5.) He thus satisfies the *Miller* requirement of having a "colorable claim" under ERISA. 504 F.3d at 1106.

---

[4] As a side note, Plaintiff makes a passing argument in his brief that his claims are not preempted because he has not pursued a claim against the actual Plan itself, as required under Ninth Circuit law, but instead against Wells Fargo. *Gelardi v. Pertec*, 761 F.2d 1323, 1324 (9th Cir. 1985); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1286-87 (9th Cir. 1990), *cert. denied* 498 U.S. 1087 (1991); *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir. 1990). In particular, he attempts to distinguish *Stiltner v. Beretta*, 74 F.3d 1473 (4th Cir. 1996), because "[t]hat case was one in which plaintiff expressly asserted claims under ERISA against a *plan*, so again the facts bear no comparison to the facts of this case . . . ." (Pl.'s Mtn. for Remand at 16 (emphasis in original).) If by such an assertion Plaintiff intends to argue that preemption can be avoided merely by pleading against the wrong defendant as opposed to the plan itself, his argument is nonsensical. If preemption were so easily thwarted by such creative pleading, then every plaintiff seeking to avoid ERISA claims would sue their employers instead of the plan. In any event, that Plaintiff has sued the wrong defendant is a topic addressed in Wells Fargo's Motion to Dismiss. For purposes of Plaintiff's Motion for Remand, the fact that Plaintiff erroneously sued the wrong defendant is not evidence that his claims are *not* preempted.

[5] The ERISA definition of "participant" should not be confused with the definition of "participant" set forth in the CIC Plan itself. When Wells Fargo uses the term "participant" in this brief, it is referring to the statutory definition. This statutory definition jibes with the Plan's definition of "employee," which indicates coverage, not whether any benefits are actually due.

Since Plaintiff concedes he was a participant in an ERISA plan, it is confusing why he asserts "the circumstances here are similar to those in the case of *Miller* . . . ." (Pl.'s Mtn. for Remand at 10.) Plaintiff is correct that in *Miller*, the Ninth Circuit held that removal was improper because the plaintiff's claims for breach of contract were not preempted by ERISA. But the facts of *Miller* are not directly analogous or similar in any way to Plaintiff's claims, but instead establish exactly why removal of Plaintiff's case was proper. There, the plaintiffs were the estate and the children of a former Rite Aid employee suing to recover benefits they alleged they should have received under a life insurance policy. According to their complaint, Rite Aid had an employment contract with the decedent that agreed to provide her with life insurance benefits. Rite Aid allegedly breached this contract because the initial policy that provided coverage to the decedent was terminated and was replaced by a policy in which plaintiff was not, by definition, a participant.[6] Plaintiffs thus sued under state law to recoup life insurance benefits available under the new plan. The Ninth Circuit held that even though the measure of damages was in reference to an ERISA plan, because the decedent was never a participant in that plan, "she was not covered by any life insurance policy and she did not have a colorable claim to benefits under any plan." *Id.* at 1107. The only colorable claim was under a state law theory of contract to make plaintiff a participant in a plan. Thus, the state law cause of action was not preempted.

The same distinction was noted far earlier by the Ninth Circuit in *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir. 1985). In that case, plaintiffs were employed by Gulf Oil at a refinery. Plaintiffs alleged that Gulf agreed to pay them severance benefits upon termination by Gulf. When Gulf sold that refinery to a new company, Thrifty, it negotiated for the plaintiffs to become employees of Thrifty. In doing so, it allegedly misrepresented that the Thrifty employment would have the same benefits as Gulf, including presumably severance benefits. When plaintiffs were thereafter terminated by Thrifty, they sued Gulf under state contract and tort seeking to recoup

---

[6] The new plan precluded from enrollment any employee who was not "active-at-work." 504 F.3d at 1108. At the time the plan was provided, plaintiff was already on extended medical leave, and she never returned to work before her death.

9

lost severance benefits from Gulf and any new severance benefits which they were allegedly promised would be given by Thrifty. The latter claims arose because Thrifty did not establish an ERISA severance benefits plan as promised by Gulf. The Ninth Circuit held that any state law claim seeking to recoup benefits under the Gulf ERISA plan was preempted because plaintiffs were participants in that plan. In direct contrast, however, it held that plaintiffs' claims seeking additional lost benefits under a Thrifty plan were *not* preempted because they were not participants in any Thrifty plan. *Id.* at 1506. That is, those claims sought to correct a misrepresentation by Gulf about the existence of plan, not an actual suit for benefits by participants in an existing Thrifty plan.

As will be discussed in more detail in Section III.B.3, *infra*, Plaintiff's claims do not seek to enforce representations to create an ERISA plan or make Plaintiff a participant in an ERISA plan as in *Miller* or *Scott*. Rather, Plaintiff seeks to recover the same benefits arguably due under the CIC Plan of which he is a participant. Thus, his reliance on these cases is unavailing.[7]

So, too, is Plaintiff's suggestion that he is not a "beneficiary" of the CIC Plan unless his right to the severance benefits is conceded by Wells Fargo. Plaintiff goes so far as to state that "[l]ike Rite-Aid [sic] and the Cheshire Cat, WFB cannot take the position that Pierce is not entitled to benefits under the [CIC Plan], and at the same time successfully take the position that Pierce is precluded from asserting a state law brief of contract." (Pl.'s Mtn. for Remand at 11.) Again, Plaintiff misunderstands *Miller*. There, Rite Aid claimed that the plaintiff was not a participant in any ERISA plan, and that is why benefits were denied. Here, Wells Fargo does not claim that Plaintiff was *not* covered as an employee by an ERISA policy; it only potentially disputes whether his right to benefits is implicated because he was offered a Comparable Position

---

[7] Plaintiff also seeks to distinguish *Sorofsky v. Burroughs Corp.*, 826 F.2d 794, 800 (9th Cir. 1987), by stating that in that case, "breach of contract and others state law claims [were] not preempted because they [were] asserted claims *independent* of the ERISA plan." (Pl.'s Mtn. for Remand at 12 (emphasis in original).) Plaintiff is right that the claims found not preempted in *Sorofsky* were indeed independent of the ERISA plan – they were contractual wrongful termination claims not seeking any ERISA benefits but other contractual damages. What was preempted were state law claims, as Plaintiff has pursued here, to recover ERISA benefits allegedly due the plaintiff. This case thus supports removal, contrary to Plaintiff's suggestion.

10

as defined by the CIC Plan.[8] That distinction makes all the difference as to whether Plaintiff has a "colorable claim" under *Miller* – i.e., has the ability to sue – for ERISA benefits. He does.

### 3. Plaintiff Admits He Is Seeking ERISA Benefits.

Having established that Plaintiff has standing to sue because he was covered by an ERISA Plan, the only remaining issue is whether any of Plaintiff's state law theories seek to recover the ERISA benefits he claims he is due. The bulk of Plaintiff's brief is spent arguing that his claims are not preempted because he does not seek to enforce the CIC Plan itself, but merely seeks the benefits available under the CIC Plan as damages in his state law claims. That is a meaningless and indeed a specious distinction. Plaintiff's breach of contract and misrepresentation claims all purport to enforce alleged promises to permit him to elect ERISA benefits under an ERISA plan. If Plaintiff's theory of "unrelatedness" is credited, no state law claim could ever be preempted by ERISA. Contrary to Plaintiff's position, however, both the U.S. Supreme Court and the Ninth Circuit (as well as numerous other federal and state courts) have held that state law causes of action that seek to recover ERISA benefits, including claims for breach of contract, fraud, and misrepresentation – as Plaintiff has pursued here – are all preempted by ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 57 (finding plaintiff's state law breach of contract preempted by ERISA); *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000); *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1222 (9th Cir. 2000), *cert. denied* 531 U.S. 992 (2000); *Farr v. U.S. W. Comms., Inc.*, 151 F.3d 908, 913 (9th Cir. 1998), *cert. denied* 528 U.S.

---

[8] Moreover, Plaintiff cannot contend that by defending this lawsuit or by making any litigation representations, Wells Fargo – as opposed to the Plan Administrator itself – has taken any position as to Plaintiff's right to benefits. (Pl.'s Mtn. for Remand at 7.) The entire reason for the requirement that Plaintiff exhaust his administrative remedies under the Plan before bringing his claims is premised on the fact that the Plan Administrator – not the employer – should determine eligibility based on the record. If every plaintiff could exempt claims from exhaustion requirements, or from preemption, based on the mere challenge by an employer to the right to benefits, then preemption would be easily rendered meaningless, for plaintiffs in every case could skip the internal review procedures, proceed directly to state court, and then say that the litigation posture taken by defendants cures their lack of exhaustion and exempts their claims from preemption. *See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 134 (2nd Cir. 2001) ("Defendants' position in this lawsuit does not establish futility."), citing *Communications Workers of Am. v. AT&T*, 40 F.3d 426, 433 n.1 (D.C. Cir. 1994) ("[A]ctions taken to defend lack of entitlement to benefits cannot establish futility because otherwise the exhaustion doctrine would be 'entirely undermined[d]' as plaintiffs could bypass administrative remedies, file suit and then hope for subsequent events to justify futility claims.'").

1116 (2000) (finding ERISA preempts state law misrepresentation claims); *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 862 (6th Cir. 2007) (finding state law claim premised on alleged misrepresentations made by employer about the amount of benefits plaintiff would receive if he accepted new employment – as Plaintiff alleges here – is preempted by ERISA). This controlling case law should be the end of the inquiry.

But putting case law aside for a moment, Plaintiff is insincere when he represents that his claims for breach of contract, promissory estoppel, fraud, and negligent misrepresentation do not relate to and are thus independent of any ERISA claim he might have. The very first paragraph of his Complaint states that Wells Fargo promised it would permit Plaintiff to "elect benefits under a Change in Control Pay Plan," but that Wells "refused to make those benefits available to him," and, as a result, Plaintiff "accordingly seeks by this action to compel WFB to provide the promised and represented benefits that WFB has refused to provide." He goes on to allege that WFB represented that Plaintiff "would be entitled to elect benefits under the CIC Plan if [he] elected not to take full time positions with WFB." (Compl., ¶7(b).) And then each and every one of his state law causes of action is premised on an express allegation that Wells Fargo refused to pay "Severance Benefits" – which Plaintiff specifically defines as the severance benefits allegedly due him under the CIC Plan. (Compl., ¶¶ 6, 16, 22, 27, 34, 42, 50, 55, 60.) His Complaint therefore makes plain that his causes of action seek to force Wells Fargo to pay Plaintiff the CIC benefits he feels are due him.

If his allegations in his Complaint – which are the operative allegations to determine whether removal was proper – are not damning enough to his Motion for Remand, Plaintiff also proffers his own testimony that establishes his claims actually seek to enforce the CIC Plan's terms. He reiterates, for instance, that the alleged representation he seeks to uphold is that he "would be entitled to elect severance benefits under GBB's Change in Control Plan if [he] elected not to take [a] full time position[] with WFB." (Pl.'s Dec., ¶ 5(b).) So, Plaintiff's own testimony establishes that he is seeking to recover ERISA severance benefits he feels he has been wrongly denied.

Plaintiff's brief is even more explicit that no matter how many times he attempts to

characterize his causes of action as unrelated to the CIC Plan, they are anything but. On the very first page of his brief, Plaintiff references that his theory of redress is that he was promised that "he would be entitled to elect benefits under GBB's 'Change in Control Plan. . . .'" He later adds that he seeks the Court to "award damages in the amount of the benefits that were not forthcoming from the Change in Control Program." (*Id.* at 5.)

Plaintiff then insists that his state law claims are not trying to enforce the terms of the ERISA plan itself, but to enforce oral representations that were "*in addition to*, and *supplemental*, [to] whatever obligations existed under the Change in Control Program." (Pl.'s Mtn. for Remand at 3 [emphases in original].) That is, Plaintiff alleges his state law claims impermissibly seek to orally modify or amend the obligations of his written ERISA plan, and that the enforceability of these oral representations can be determined without reference to the ERISA plan. His argument proves too much. Indeed, it is nonsensical in the first instance since the Court cannot possibly determine what "supplemental" duties Plaintiff seeks to enforce without reference to the duties in the ERISA plan. Worse for Plaintiff, his argument is precluded by ERISA itself, establishing without question that his claims are "related" to an ERISA plan. In particular, ERISA forbids any oral modification of a written ERISA plan, as Plaintiff attempts to do here under state law. 29 U.S.C. § 1102 (requiring that every employee benefit plan be established and maintained pursuant to a written instrument). For this reason, the Ninth Circuit (along with other courts) has held that oral agreements or modifications cannot be used to contradict or supersede the written terms of an ERISA plan. *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 1992) (citing *Natchwalter v. Christie*, 805 F.2d 956, 960 (11th Cir. 1986) ("A central policy goal of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans. This goal would be undermined if we permitted oral modifications of ERISA plans because employees would be unable to rely on these plans if their expected retirement benefits could be radically affected by funds dispersed to other employees pursuant to oral agreements.") (citation omitted)).[9] Claims that seek to supplement ERISA plans are thus necessarily preempted because

---

[9] That is because "[h]avoc would ensue if plans meant different things for different participants, depending on what someone said to them years earlier. Memory is weak compared to the written word, and there is a substantial risk that participants will not correctly recall what was said, will

13

DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
(CASE NO. CV 08 1554 JF)

ERISA expressly precludes their enforceability. So, Plaintiff's attempt to distinguish his state law claims as supplementing the CIC plan refutes, not supports, his plea for remand.

And lest there be any other doubt that Plaintiff is bringing state law claims that mimic his right to recovery (if any) under ERISA, Plaintiff acknowledges that he is in fact seeking the same measure of damages – his CIC benefits – through the ERISA process. After filing this lawsuit, Plaintiff attempted to exhaust his administrative remedies under ERISA by applying for benefits to the CIC Plan itself. His application was denied on May 5, 2008 because it was determined he was offered a "Comparable Position." According to Plaintiff, this denial "will probably commence a separate action for the payment of benefits under the plan. If so, that claim will be asserted in the alternative to the state law claims asserted in this action . . . ." (Pl.'s Mtn. for Remand at 7.) Plaintiff then concedes that if Wells Fargo "pays benefits under the [CIC Plan], then it may have a complete or partial defense to some or all of Pierce's [state law] claims." (*Id.*) Plaintiff could hardly be more explicit that he himself recognizes that the success of his state law claims is tied directly to the determination of the very federal claim he threatens to pursue under ERISA. How Plaintiff gets this far yet still brings a motion for remand, with all its attendant costs of defense, is a mystery.

Little more needs to be said regarding Plaintiff's attempt to distinguish the various cases cited by Wells Fargo in its Notice of Removal. Suffice it to say that every case cited by Wells Fargo about whether ERISA preempts state law causes of action for breach of contract and fraud is apposite because Plaintiff is bringing a series of state law claims all seeking to recover ERISA benefits he argues are due him. Again, he is not bringing a cause of action claiming Wells Fargo promised to create or make him a participant in a new ERISA plan, as in *Miller*, 504 F.3d 1102, and *Scott*, 754 F.2d 1499, discussed above. As those cases hold, because he is seeking

---

exaggerate (in their favor) what they heard, or will simply prevaricate in order to improve their position. Employers could do little to protect themselves against such claims – which is why ERISA calls for writings. . . . What is more (and perhaps worse), binding the plan's sponsor to the oral advice of its benefits staff might lead the employer to discontinue giving advice, telling participants to read the documents and draw their own conclusions." *Frahm v. Equitable Life Assurance Society*, 137 F.3d 955, 960, 961 (7th Cir. 1998) ("Reliance is a second hurdle for the plaintiffs. In federal law, a person cannot rely on an oral statement, when he has in hand written materials disclosing the truth").

enforcement of his ERISA plan, his claims are all preempted by ERISA. Removal was proper.

### C. Even If Plaintiff's Motion For Remand Were Somehow Granted, Fees And Costs Should Not Be Awarded.

Even if this Court were somehow to grant Plaintiff's Motion for Remand, the Court should not award costs and fees. Such fees and costs are not automatic, but are discretionary. 28 U.S.C. § 1447(c). The purpose of granting such fees is to deter the possibility of abuse or harassment if a defendant unreasonably removes. *See Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 109 (2d Cir. 1999). Here, given that Plaintiff's Compliant asserts in several places that that he is seeking benefits he feels are due him under an ERISA plan (*see* Section III.B.3, *supra*), Wells Fargo's decision to take these pleadings at face value and remove under ERISA was entirely reasonable. There was no abuse of process and no harassment. Therefore, even if this Court finds there is no jurisdiction, it should not award Plaintiff fees and costs on his motion for remand.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court deny Plaintiff's Motion for Remand. The evidence establishes that there was an ERISA plan, Plaintiff was a participant of that ERISA plan, and Plaintiff seeks to recover benefits under that Plan pursuant to various state law theories. As a result, his claims are all preempted by ERISA and removal was proper.

Dated: May 16, 2008

PATRICIA K. GILLETTE
ANDREW R. LIVINGSTON
JOSEPH C. LIBURT
GREG J. RICHARDSON
Orrick, Herrington & Sutcliffe LLP

_____
GREG J. RICHARDSON
Attorneys for Defendant
WELLS FARGO BANK, N.A.