STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>   Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br>and DOES 1 through 20,<br><br>   Defendants. | CASE NO. C08-01554 JF (HRL)<br><br>**PIERCE'S EVIDENTIAL OBJECTIONS TO, AND MOTION TO STRIKE: (1) DECLARATION OF GREG RICHARDSON; AND (2) ERRATA OF WELLS FARGO BANK**<br><br>Date:  June 27, 2008<br>Time:  9.00 a.m.<br>Place:  Courtroom 3, 5th Floor<br>Judge:  Hon. Jeremy Fogel |

PLEASE TAKE NOTICE THAT plaintiff Patrick Pierce ("Pierce") hereby objects to the admissibility of the following portions of the declaration of Greg J. Richardson dated June 6, 2008 (the "June Richardson Declaration"), and the following portions of and exhibits to the Errata To Defendant Wells Fargo Bank, N.A.'s Opposition to Plaintiff's Motion for Remand:

| Objectionable Content | Grounds for Objection |
|---|---|
| June Richardson Declaration, Paragraph 2: Allegation that Exhibit 1 is a true copy the Greater Bay Bancorp Change in Control Plan ("CIC Plan"), and the allegation that Exhibit 1 is the plan referred to in the complaint. | Lack of personal knowledge, and hearsay (Federal Rules of Evidence 602 and 802):<br><br>1. There is no foundation laid upon which Mr. Richardson, as outside counsel for defendant, would have personal knowledge of the authenticity of defendant's internal corporate records. Further, the document is not made admissible as a hearsay exception under Rule 803(6), because the referenced document is not |

{00317424v1}

-1-

| Objectionable Content | Grounds for Objection |
|---|---|
| | a memorandum, report, etc. of acts, events, conditions, etc. that was made at or near the time of the acts, nor does it meet the other requirements of the exception. Indeed, it is counter-intuitive to suggest that an outside law firm might regularly maintain defendant Wells Fargo Bank's business records as part of the law firm's own records. |
| | 2. There is also no possible basis upon which Mr. Richardson could have personal knowledge of what change in control plan Pierce was referring to in his complaint. As Pierce explains in his declaration filed herewith, there were apparently three versions of a change in control plan in existence when he filed his complaint, of which Pierce knew of two. Exhibit 1 was not a plan that Pierce was even aware of at the time the complaint was filed. |
| June Richardson Declaration, Paragraph 3: Allegation that letter from Wells Fargo Bank was sent to Pierce, and authenticity of exhibit itself. | Lack of personal knowledge, and hearsay (Federal Rules of Evidence 602 and 802): There is no possible basis upon which Mr. Richardson, as outside counsel for Wells Fargo Bank could have personal knowledge of the fact that Exhibit 2 is a true copy of a letter from Ms. Johnson to Pierce. |
| June Richardson Declaration, Paragraph 4: Allegation that plan and letter are business records of Orrick, Herringon & Sutcliffe. | Lack of personal knowledge, and hearsay (Federal Rules of Evidence 602 and 802): There is no foundation laid upon which an independent law firm would be a repository of the records of regularly conducted activity of Wells Fargo Bank. Thus, the documents are not made admissible as a hearsay exception under Rule 803(6), because the referenced documents are not a memorandum, report, etc. of acts, events, conditions, etc. that was made at or near the time of the acts, nor does it meet the other requirements of the exception. Indeed, it is counter-intuitive to suggest that an outside law firm might regularly maintain defendant Wells Fargo Bank's business records as part of the law firm's own records. |

FURTHER TAKE NOTICE THAT Pierce objects to the Errata on the grounds that an unsworn document has no evidential value at all, since it is not a recognized method of introducing evidence in motion proceedings or any other proceedings. Moreover, even if the Errata had been

{00317424v1}

-2-

Pierce's Evidential Objections to, and Motion to Strike: (1) Declaration of Greg J. Richardson; and (2) Errata of Wells Fargo Bank (Case No. C08-01554 JF (HRL))

1 verified under penalty of perjury, its content and attachments would be inadmissible on the grounds
2 stated above with respect to the June Richardson Declaration.
3   Pierce accordingly requests that the objectionable content be ordered stricken from the
4 record.

6 Dated: June 13, 2008                    CARR & FERRELL *LLP*

                                          By: _____
                                          STUART C. CLARK
                                          CHRISTINE S. WATSON

                                          Attorneys for Plaintiff
                                          PATRICK PIERCE

{00317424v1}
-3-
Pierce's Evidential Objections to, and Motion to Strike: (1) Declaration of Greg J. Richardson;
and (2) Errata of Wells Fargo Bank (Case No. C08-01554 JF (HRL))