STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK,<br>and DOES 1 through 20,<br><br>　　　　　Defendants. | CASE NO. C08-01554 JF (HRL)<br><br>**REPLY SUPPORTING MOTION OF PATRICK PIERCE FOR REMAND TO THE SUPERIOR COURT FOR THE COUNTY OF SANTA CLARA**<br><br>Date:　　　June 27, 2008<br>Time:　　　9.00 a.m.<br>Place:　　　Courtroom 3, 5th Floor<br>Judge:　　　Hon. Jeremy Fogel |

{00317645v1}

# TABLE OF CONTENTS

I.  **INTRODUCTION** ...................................................................................................... 1

II. **ARGUMENT** ............................................................................................................ 3

    A.    **Pierce Cannot Be A Participant Or Beneficiary Under The Change In Control Plan If He Has No Colorable Claim To The Benefits Promised But Not Provided.** ................................................. 3

    B.    **Pierce Does Not Assert Claims That Seek To Recover ERISA Benefits.** ................................................................................................ 5

    C.    **Pierce Neither Expressly Nor Implicitly Alleges An Oral Modification Of The Change In Control Plan.** .................................... 6

    D.    **Pierce Should Be Awarded His Attorneys' Fees And Costs.** ........................... 7

III. **CONCLUSION** .......................................................................................................... 8

{00317645v1}

-i-

Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1

## <u>TABLE OF AUTHORITIES</u>

2

3  **CASES**

4  *Curtis v. Nev. Bonding Corp.,* 53 F.3d 1023 (9th Cir. 1995) .........................................................3

5  *Miller v. Rite-Aid Corp.*, 504 F.3d 1102 (9th Cir. 2007) ...............................................1, 2, 3, 4, 5

6  *Scott v. Gulf Oil*, 754 F.2d 1499 (9th Cir. 1985)...............................................................1, 2, 4, 5

7  *Thurman v. Pfizer, Inc.,* 484 F.3d 855 (6th Cir 2007)..............................................................1, 5

8

9  **STATUTES**

10  28 USC § 1447(c) ...............................................................................................................8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00317645v1}

-ii-

Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

## I.    **INTRODUCTION**

Pierce's motion for remand must be granted because nothing in Wells Fargo Bank's ("WFB") opposition (the "Opposition") establishes that Patrick Pierce's ("Pierce") state law claims assert ERISA claims or are preempted by ERISA.  Thus this Court lacks subject matter jurisdiction, and the action must be remanded to state court.

Though WFB works hard to ignore this distinction, there is, of course, a world of difference between suing a plan administrator to *enforce benefits under an ERISA plan,* and suing an employer for damages for failure to honor an independent but false promise and/or representation that certain benefits would be available under a plan.  The courts in the cases of *Miller v. Rite-Aid Corp.*, 504 F.3d 1102 (9th Cir. 2007), *Scott v. Gulf Oil*, 754 F.2d 1499 (9th Cir. 1985), and *Thurman v. Pfizer, Inc.,* 484 F.3d 855 (6th Cir 2007), among others, all had no difficulty drawing that distinction.  On the facts of this case, this Court should not have any difficulty in making that distinction either.  As the court aptly noted in *Thurman*, WFB does not receive a "get out of jail free card" merely because the promises it reneged on and its false representations were made with respect to what is arguably an ERISA plan.  *Thurman v. Pfizer, Inc., supra,* 484 F.3d 864 ("We see no reason to bind employers to some promises used to induce acceptance of and employment offer, but to give them a 'get out of jail free card' when promises concern the scope of a plan governed by ERISA.")

WFB is simply wrong in asserting that it is an issue to be resolved in this action[1] "whether [Pierce] was offered a 'comparable position' after the change in control and thus entitled to severance benefits."  Opposition, 1:16-19.  While that may be an issue in Pierce's alternative ERISA claim, whether or not he was offered an equivalent position forms no part of the promise and representation upon which his state law claims in this action are based.  Rather, those state law claims are based on the unconditional promise and representation that *irrespective of what the change in control plan provided,* Pierce would be entitled to be paid a severance benefit if he remained employed by GBB until the merger, and elected not to continue working for WFB after the merger.

---

[1].    WFB characterizes this as the "only potential dispute."  Opposition, 1:16-18.

Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1   WFB is also simply wrong in asserting that Pierce "seeks to enforce an alleged oral

2   modification that supplements the terms of the CIC Plan." Opposition, 1:21-22. Nothing in the

3   complaint so alleges, and nothing in the complaint is capable of being interpreted as alleging an

4   oral modification of the Change in Control Plan.

5   The fundamental flaw in WFB's positions, therefore, is that WFB has mischaracterized

6   Pierce's claims as something that they are not, and then having created a straw man argument WFB

7   has set about demolishing its own straw man argument, in a way that does not address the actual

8   allegations of the complaint. This fundamental flaw in WFB's arguments is further evidenced by

9   yet another misrepresentation by WFB in its Opposition, at 10:10-12, namely that:

10      Plaintiff's claims do not seek to enforce representations to create an ERISA
        plan or make Plaintiff a participant in an ERISA plan as in *Miller* or *Scott.*[2]
11

12  That, however, is *exactly* what Pierce alleges, namely that GBB and WFB promised and

13  represented that Pierce would be entitled to severance benefits under the Change in Control Plan

14  based merely on his *election* not to remain in WFB's employment after the merger, and that Greater

15  Bay Bancorp ("GBB") and WFB failed to perform as promised and represented by failing to ensure

16  that the promised benefits were made available to Pierce under the plan. Thus, the liability of GBB

17  and WFB arises from their failure to "make plaintiff a participant in" a plan which offered the

18  promised benefits. Complaint, ¶¶ 16, 22, 27, 34, 43, 48, 50, 54, and 56. Moreover, also as in *Rite-*

19  *Aid* and *Scott*, Pierce seeks only to *measure his damages* with reference to the benefits that were

20  promised but were not forthcoming, by referring to what the benefits would have been under the

21  Change in Control Plan *if GBB and WFB had fulfilled their promises and representations to*

22  *provide those benefits under the plan.* Pierce does not seek to recover severance benefits *as*

23  *benefits under the plan*, but as *damages in substitution to benefits that he did not receive under the*

24  *plan*.

25  The claims asserted by Pierce are not, therefore, claims for benefits under an ERISA plan,

26  nor are they preempted by ERISA.

27  _____

28  [2].   WFB reiterates this mis-statement at 14:21-23 of the Opposition.

{00317645v1}                                        -2-
Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

## II.    <u>ARGUMENT</u>

### A.    Pierce Cannot Be A Participant Or Beneficiary Under The Change In Control Plan If He Has No Colorable Claim To The Benefits Promised But Not Provided.

WFB's argument that Pierce is a participant in the Change in Control Plan, and that his claims are therefore preempted (Opposition 2:14-19) is directly contrary to the facts.  If Pierce were a participant in the Change in Control Plan and entitled to benefits thereunder, WFB would have fulfilled its promises and representations to Pierce, and Pierce's claims based on a failure to pay promised benefits obviously could not be proven.  But WFB has taken the position that Pierce is *not* entitled to benefits as a participant in the plan.

As WFB concedes, "preemption occurs whenever a state law claim *seeks remedies available under an ERISA plan.*"  Opposition, 6:21-22 (Emphasis added).  Here, however, Pierce is not *seeking remedies available under an ERISA plan* – he is seeking remedies *under an oral agreement and based on representations **outside of a plan***.  If Pierce were seeking remedies under the Change in Control plan he would be alleging that he satisfied the criteria of not being offered a "comparable position," or of being required to travel more than a certain distance to a new job, etc., *but such allegations form no part of Pierce's case here.*

As Pierce also demonstrated in his Opening Brief to be the situation with all of the factually comparable cases cited by WFB in its Notice of Removal,[3] WFB's invocation of *Miller v. Rite-Aid* proves quite the opposite of what WFB invokes it for.  WFB cites *Rite-Aid* for the proposition that because Pierce was a participant in the Change in Control Plan, and despite his inability to obtain benefits promised to him by the employer under that plan, his mere participation renders his claim preempted.  Opposition, 2:12-19; 6:7:11 (WFB also cites *Curtis v. Nev. Bonding Corp.,* 53 F.3d 1023, 1027 (9th Cir. 1995)).  However the courts in both *Curtis* and *Rite-Aid* expressly acknowledged the nonsensicality of WFB's proposition that a person can be a "participant" in and/or "beneficiary" of a plan *under which that person is not entitled to benefits*, and held that the

---

[3].    Pierce's Motion, 11:16-13:3; 14:6-16:11.

{00317645v1}
-3-
Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1  respective plaintiffs were entitled to assert state law claims *because they were not eligible for*

2  *benefits under an ERISA plan*.  In so deciding those courts noted that the standard for determining

3  whether a person is a "participant" is whether such person has a "colorable claim" for benefits

4  under a plan.  WFB has consistently taken the position (as it does once again in the Opposition at

5  3:4-16) that Pierce has no such claim to benefits, because he allegedly was offered a comparable

6  position.[4]  Thus, unless WFB changes position and agrees (in its alter ego capacity as the Plan

7  Administrator) to pay severance benefits, Pierce is by judicial admission which is binding on WFB

8  a person without a colorable claim to benefits under the Change in Control Plan.

9         Where Pierce and WFB diverge in their analysis, therefore, is that WFB takes the position

10  that even a person *not entitled to benefits under a plan* can be classified as a participant under a

11  plan (Opposition, 9:1-2), while Pierce takes the position that there is no preemption if the *promised*

12  *benefits* are not provided under the plan (even though other benefits may be available).  Pierce's

13  position is directly supported, among other authority, in footnote 6 of *Rite-Aid*, in which the court

14  observed that:

15              It's worth noting that determining what constitutes a colorable claim to
16              benefits is not the same as determining whether a plaintiff might recover
                under *any* cause of action.  The relevant issue is whether a plaintiff might
17              recover under an ERISA claim.  If the only colorable claims available to a
                plaintiff were non-ERISA claims, there would be no basis for stating that
18              such party could sue under ERISA.

19  *Miller v. Rite-Aid* 504 F.3d *supra,* at 1107, fn 6.

20         Thus, it is only claims that are capable of being asserted as claims under an ERISA plan that

21  are preempted.  *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir. 1985) made exactly the same

22  distinction between claims for promised benefits that were capable of being asserted under a plan

23  and promised benefits that were not, and held that claims for promised benefits that were not

24  provided under the plan were not preempted.  (At 1506.)

25

26

27  _____

    [4].  WFB in its alter ego position as the Plan Administrator took the same position in rejecting the claim
28        against the Change in Control Plan: see letter from WFB, as Plan Administrator, dated April 24, 2008:
          Exhibit "D" to Supplemental Declaration of Patrick Pierce dated June 13, 2008 ("Pierce Supp. Dec.").

{00317645v1}
Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1    Under the circumstances, not only the law but plain common sense precludes WFB from

2    successfully taking the position that Pierce is not entitled to benefits under the Change in Control

3    Plan, and at the same time taking the position that Pierce's state law claims are preempted *because*

4    *he is a participant or beneficiary in a plan – even though that plan **does not provide the benefits***

5    ***claimed***.

6    **B.    Pierce Does Not Assert Claims That Seek To Recover ERISA Benefits.**

7    WFB commences its Opposition with the patently false and obviously nonsensical statement

8    that Pierce has argued that "his state law claims cannot be preempted by ERISA because he does

9    not seek to recover ERISA benefits under state law, but instead seeks to recover ERISA benefits

10   under state law."  Opposition, 1:2-4.  Later WFB makes the also patently false statement that

11   "Plaintiff Admits That He Is Seeking ERISA Benefits."  Opposition, 11:3-3.  That WFB has to

12   resort to such mischaracterizations, while unfortunate, merely serves to emphasize that its positions

13   are indefensible if based on the actual contentions made by Pierce.

14   As a fair reading of the complaint makes abundantly clear, Pierce does not by his state law

15   claims seek to recover *ERISA benefits,* i.e. *benefits under an ERISA plan.*  Rather, Pierce seeks to

16   recover contract damages and tort damages which merely happen to be measurable by reference to

17   what was promised, i.e. a severance benefit of the kind specified in the Change in Control Plan

18   which Pierce *was promised but did not receive.*  As is noted in the Introduction, the courts in *Rite-*

19   *Aid* and *Scott* and *Thurman* had no difficulty understanding this distinction.  Indeed, all that

20   prevents WFB from acknowledging the distinction is that such an acknowledgement would be fatal

21   to its contention that its improper removal of this action to federal court was somehow justified.

22   That Pierce's damages are *calculated with reference to promised but not received severance*

23   *benefits* obviously does not make the claim one for ERISA benefits, i.e. benefits under an ERISA

24   plan.  As the court explained in *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505 (9th Cir. 1985), where

25   a plaintiff asserts a non-ERISA claim for fraud damages, as here, the fact that the fraud damages

26   claimed are "equal to the benefits he would have received had he participated in the plan,[does not

27   make] such damages . . . a 'benefit under a plan'."  Notwithstanding *Scott,* WFB takes the position

28   – indefensible as a matter of law – that it is a "meaningless and indeed specious distinction" that

{00317645v1}                                                    -5-
Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1  Pierce "does not seek to enforce the CIC Plan itself, but merely seeks the benefits available *as*

2  *damages in his state law claims.*"  Opposition, 11:7-9.

3      Under the circumstances, WFB is plainly wrong as a matter of law in taking the position

4  that merely because Pierce's damages are *measured* with reference to the benefits promised but not

5  provided under the Change in Control Plan (had WFB fulfilled its promises), Pierce's claim is

6  necessarily a claim *under the plan.*  Accordingly, WFB's arguments based on its erroneous

7  characterization of the law – proceeding after the comment that "state law causes of action that seek

8  to recover ERISA benefits" are preempted (Opposition, 11:13-15) – must be rejected because those

9  arguments are based on the false premise that merely because claims for damages are to be

10  calculated by reference to plan benefits they necessarily assert ERISA claims.

11      Also unworthy of serious consideration by the Court are the cases cited by WFB at 11:15-

12  12:5 of the Opposition, without any explanation of their relevance to the facts of this case.  These

13  cases have already been shown in Pierce's Opening Brief at 11:16-13:3; 14:6-16:11, and in Pierce's

14  opposition to the motion to dismiss at 13:1-14:1, to not support WFB's position.  In the interests of

15  brevity, the explanations previously provided why those cases do not support WFB's position will

16  not be repeated here, but the court is respectfully requested to treat those explanations as if

17  incorporated by this reference.

18      Under the circumstances, it is simply not true that Pierce is by the claims in this action

19  asserting an ERISA claim, or a claim under the Change in Control Plan.  Nor is it true that Pierce

20  has admitted to asserting any such claim – as WFB falsely asserts.  It is also not true that Pierce is

21  "insincere" in characterizing his claims – as WFB labors to explain in the Opposition at 12:6-27.  In

22  the latter regard it is of course an element of Pierce's claims that WFB failed to make promised

23  benefits available to him under the Change in Control Plan – but as has been repeatedly explained

24  in Pierce's filings, *this does not mean that his claims are asserted under an ERISA plan.*

25      **C.    Pierce Neither Expressly Nor Implicitly Alleges An Oral**
        **Modification Of The Change In Control Plan.**
26

27      As has been discussed above and numerous times in the papers relating to the pending

28  motions, Pierce alleges that GBB and WFB promised that he would receive severance benefits of a

{00317645v1}                                                -6-
Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))

1   kind that were not provided for in the Change in Control Plan, namely severance benefits of the

2   kind provided in the plan but which required only his election not to accept a job with WFB to

3   trigger the entitlement to those benefits.   Pierce does not in his complaint allege an express oral

4   agreement amending the Change in Control Plan, nor does he assert any claim that is predicated on

5   any implied agreement that such an amendment was made.  WFB simply promised that benefits

6   would be paid under the circumstances alleged in the complaint.

7        It necessarily follows, therefore, that WFB's arguments about the permissibility of oral

8   amendments to ERISA plans (Opposition 13:15-14:2) have nothing to do with any issue presented

9   by this motion for remand or by the companion motion to dismiss.  Thus, it is unnecessary for

10  Pierce to address WFB's arguments on the oral amendment issue.

11        **D.    Pierce Should Be Awarded His Attorneys' Fees And Costs.**

12        WFB seeks to avoid paying Pierce's expenses caused by WFB's improper removal of this

13  case by arguing that it reasonably concluded from the complaint that Pierce was asserting claims

14  under an ERISA plan (i.e. the Change in Control Plan).  Opposition, 15:8-11.  However, on the

15  indisputable facts WFB could not possibly have held that belief.

16        As Pierce pointed out in his Opening Brief (at 18:9-25), WFB was expressly told on

17  multiple occasions by Pierce in correspondence that the claims in this action were being asserted

18  separately from Pierce's claim under the Change in Control Plan.  WFB could therefore never have

19  been under any misapprehension in this regard.  Indeed, WFB does not in its Opposition contest

20  any aspect of the recitation of facts set out in Pierce's Opening Brief.

21        Accordingly, Pierce is entitled to an award of attorneys' fees and costs, on the grounds

22  stated in his Opening Brief.  Pierce's legal expenses have turned out to be greater than anticipated

23  when filing this motion, however, because of the scope and complexity of the legal issues that have

24  needed to be addressed, and the volume of largely inadmissible declarations and attachments and

25  other filings that WFB has submitted – thereby triggering the also unanticipated need to submit

26  objections to those filings – has resulted in more time being required to address the pending

27

28

{00317645v1}

1   motions.[5]  It has also been necessary to prepare a Case Management Conference Statement, and to

2   deal with ADR issues.  As a result, the estimate that it would take 14 hours in aggregate to prepare

3   the opposition to the dismissal motion and the reply in this motion, and to attend to other related

4   filings and matters, is too low.  In fact the time spent exceeds 28 hours of attorney time, i.e. an extra

5   14 hours (or $5,600) more than estimated.  Thus, the amount claimed by Pierce for his legal

6   expenses relating to the improper removal is $18,800 (i.e. $13,200 originally claimed, plus the extra

7   $5,600).

8                           III.     **CONCLUSION**

9            For the foregoing reasons, and for the reasons stated in the Opening Brief and in Pierce's

10  opposition to the Motion to Dismiss, the claims asserted by Pierce in this action are not preempted

11  by ERISA, and this action was improperly removed by WFB to this Court.  Pierce therefore

12  respectfully requests that the Court should remand the action to the Santa Clara County Superior

13  Court, and should order WFB to pay $18,800 to Pierce under 28 USC § 1447(c) for his costs and

14  expenses incurred as a result of the removal.

15

16  Dated:  June 13, 2008                          CARR & FERRELL *LLP*

17

18                                                 By:_____

19                                                     STUART C. CLARK
                                                       CHRISTINE S. WATSON

20                                                     Attorneys for Plaintiff
                                                       PATRICK PIERCE

21

22

23

24

25

26

27  _____

28  [5].   Supplemental Declaration of Stuart Clark dated June 13, 2008, ¶¶ 2-3.

{00317645v1}

Reply Supporting Motion of Patrick Pierce for Remand to the
Superior Court for the County of Santa Clara (Case No. C08-01554 JF (HRL))