STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br>and DOES 1 through 20,<br><br>        Defendants. | CASE NO. C08-01554 JF (HRL)<br><br>**PIERCE'S EVIDENTIAL OBJECTIONS TO, AND MOTION TO STRIKE, JOHNSON DECLARATION, AMENDED ERRATA OF WELLS FARGO BANK, AND PORTIONS OF REPLY BRIEF**<br><br>Date:     June 27, 2008<br>Time:    9.00 a.m.<br>Place:   Courtroom 3, 5th Floor<br>Judge:  Hon. Jeremy Fogel |

PLEASE TAKE NOTICE THAT plaintiff Patrick Pierce ("Pierce") hereby objects to the admissibility of the following purported evidence, and the submissions based on such purported evidence, for the reasons stated below, and requests that all such objectionable purported evidence and content be stricken from the record:

**1.** **Declaration of Shelly L. Johnson** (Document 37)

Pierce objects to the declaration of Shelly Johnson dated June 11, 2008, and the exhibits thereto, insofar as such declaration and exhibits are submitted in support of Wells Fargo Bank's ("WFB") motion to dismiss.

The grounds for the objection are that because a Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, and because the court accordingly cannot consider material

1    outside the complaint such as in affidavits, the Johnson declaration may not be considered and must

2    be stricken from the record.  *Paulsen v. CNF, Inc.*, 391 F.Supp.2d 804, 807 (N.D. Cal 2005).

3         Neither the Johnson declaration nor its attachments are made admissible according to the

4    authorities that permit the introduction into evidence of documents referred to in the complaint but

5    not attached to the complaint.  Under these authorities "a document is not 'outside' the complaint if

6    the complaint specifically refers to the document and if its authenticity is not questioned."  *Branch*

7    *v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)[1] (overruled on other grounds in *Galbraith v. County of*

8    *Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).  Neither of those criteria for admissibility are

9    satisfied here, however, because although paragraph 6 of the complaint refers to a change in control

10   plan: (1) the complaint does not identify which plan is being referred to, and the evidence

11   establishes that there were apparently at least three versions of a change in control plan in existence

12   at the time in question; and (2) the authenticity of the change in control plan attached as Exhibit 1

13   to the Johnson declaration is indeed questioned.

14        The evidence establishing that there were at least three versions of the plan is provided by

15   the declaration of Pierce.  That declaration shows that when the complaint was filed he knew of

16   only two versions, namely the version in force up to June 19, 2007 and the version that came into

17   effect after June 19, 2007.[2]  Pierce also explains in his declaration that he later learned of the

18   existence of a third version of the plan that allegedly became effective as of September 28, 2007,

19   which is the same document as Exhibit 1 to the Johnson declaration.[3]  Thus, since Pierce did not

20   know of the September 28, 2007 version of the plan when he filed the action, he could not possibly

21   have been referring to that version of the plan in his complaint.  Under the circumstances, Exhibit 1

22   to the Johnson declaration is neither specifically referred to in the complaint nor is its authenticity

23   unquestioned, and the document therefore does not satisfy the standards for admissibility on the

24

25

26   [1].  The holding in *Branch v. Tunnell* was expressly applied in *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) relied on by WFB in its Reply at 2:24-3.4.  Notably, WFB acknowledges that this holding applies only "if the parties do not dispute the authenticity of the document" – which is not the case here.

27   [2].  Supplemental Declaration of Patrick Pierce dated June 13, 2008 ("Supp. Pierce Dec.") (Document 30), ¶ 2 and Exhibits "A" and "B".

28   [3].  Supp. Pierce Dec., ¶ 3 and Exhibit "C".

1    motion to dismiss, and is inadmissible.[4]

2         Also inadmissible on the motion to dismiss is Exhibit 2 to the Johnson declaration, since

3    this document is also clearly outside the complaint, in that it is not referred to in the complaint

4    either.  Thus, the exception discussed above based on cases such as *Branch v. Tunnell* has no

5    application to Exhibit 2, and it too is inadmissible on the motion to dismiss.

6        **2.**    **Amended Errata** (Document 34)

7         Pierce also objects to the admissibility of the Amended Errata To Defendant Wells Fargo

8    Bank, N.A.'s Opposition to Plaintiff's Motion for Remand (the "Amended Errata"), and to the

9    incorporation by reference of exhibits to the declaration of Greg J. Richardson dated June 6, 2008.

10         The grounds for the objection to the Amended Errata are as follows:

11        1.    Exhibit 1 is the same document as Exhibit 1 to the Johnson declaration, discussed

12            above, and is inadmissible with respect to the motion to dismiss for the reasons

13            already discussed above.  In addition, the exhibit is also inadmissible on the grounds

14            of lack of personal knowledge and hearsay (Federal Rules of Evidence 602 and 802),

15            in that the sponsoring Richardson declaration provides no foundation upon which

16            Mr. Richardson, as outside counsel for defendant, would have personal knowledge

17            of the authenticity of defendant's internal corporate records in general, and of the

18            change in control plan in particular.  Further, the document is not made admissible

19            as a hearsay exception under Federal Rule of Evidence 803(6), because the

20            referenced document is not a memorandum, report, etc. of acts, events, conditions,

21            etc. that was made at or near the time of the acts, nor does it meet the other

22            requirements of the exception.  Indeed, it is counter-intuitive to suggest that an

23            outside law firm might regularly maintain defendant Wells Fargo Bank's business

24            records as part of the law firm's own records.

25

26

27

28

---

[4].    Pierce does not object to the Johnson declaration being admitted into evidence in opposition to the motion to remand, and consequently does not object to the Request for Judicial Notice of that document for that limited purpose – but it may not be admitted for purposes of the 12(b)(6) motion.

2.      Exhibit 2 is the same document as Exhibit 2 to the Johnson declaration, discussed above, and is also inadmissible with respect to the motion to dismiss for the reasons already discussed above.  Exhibit 2 is also inadmissible by reason of lack of personal knowledge and hearsay, for the reasons discussed in the immediately preceding section.  Further, WFB's assertion that the document "is provided to the Court for reference purposes, not as evidence," does not immunize it from the above objections, nor does that assertion provide on any recognized basis upon which a document may be submitted to a court in connection with the opposition to a motion.

**3.**     **WFB's Reply in Support of Motion to Dismiss** (Document 36)

Pierce objects to the references in WFB's Reply that recite the inadmissible evidence objected to above, namely all references to the alleged provisions of the Change in Control Plan. Pierce requests that such references to inadmissible evidence be stricken from the Reply.  The objectionable passages are the following (identified by page and line):

2:1-6; 3:19-21; 5:10-13; 5:20-21; 5:27-28 (fn. 4); 7:3-5; 7:11-13; 7:25-28 (fn. 6); and 10:2-5.

Dated:  June 18, 2008

                   CARR & FERRELL *LLP*

                   By:_____
                       STUART C. CLARK
                       CHRISTINE S. WATSON

                       Attorneys for Plaintiff
                       PATRICK PIERCE