1  STUART C. CLARK (SBN 124152)
   clark@carrferrell.com
2  CHRISTINE S. WATSON (SBN 218006)
   cwatson@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile:  (650) 812-3444
6
   Attorneys for Plaintiff
7  PATRICK PIERCE

8

9

10

11

12

13

14

PATRICIA K. GILLETTE (SBN 74461)
pgillette@orrick.com
ANDREW R. LIVINGSTON (SBN 148646)
alivingston@orrick.com
GREG J. RICHARDSON (SBN203788)
grichardson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759

JOSEPH C. LIBURT (SBN 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401

Attorneys for DEFENDANT
WELLS FARGO BANK, N.A. (sued as "Wells
Fargo Bank")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

15

16

17

18

19  PATRICK PIERCE,

20          Plaintiff,

21     v.

22  WELLS FARGO BANK,
   and DOES 1 through 20,
23
24          Defendants.

25

CASE NO. C08-01554 JF (HRL)

**JOINT CASE MANAGEMENT
STATEMENT AND
[PROPOSED] ORDER**

Date:     June 27, 2008
Time:     9:00 a.m.
Dept:     3, Fifth Floor
Judge: The Honorable Jeremy Fogel

26        The parties to the above-entitled action jointly submit this Joint Case Management

27  Statement and Proposed Order, and respectfully request that the Court adopt it as the Case

28

{00316705}                                    -1-

1 │ Management Order in this case.

2 │      1.     JURISDICTION AND SERVICE

3 │      Basis For Subject Matter Jurisdiction /Issues re: Personal Jurisdiction and Venue:

4 │      Defendant Wells Fargo Bank, N.A. ("WFB" or "Defendant") contends the Court has

5 │ jurisdiction under Section 502(a) of ERISA, 29 U.S.C. §1132(a), which completely preempts

6 │ Plaintiff Patrick Pierce's ("Pierce" or "Plaintiff") state law claims. *Metropolitan Life Ins. Co. v.*

7 │ *Taylor*, 481 U.S. 58, 63-64 (1987). WFB has filed a motion to dismiss based on the alleged

8 │ preemption of plaintiff's state law claims by ERISA.

9 │      Pierce disputes that this Court has subject matter jurisdiction, and has filed a motion to

10 │ remand the case to the superior court based on lack of removal jurisdiction. Both motions are

11 │ opposed and a hearing on the motions is scheduled to take place on the date of the Initial Case

12 │ Management Conference, June 27, 2008.

13 │      Whether Any Parties Remain To Be Served:

14 │      All parties to this action have been served and have appeared.

15 │      The Additional Parties Which The Below-Specified Parties Intend To Join And The

16 │ Intended Time Frame For Such Joinder:

17 │      Neither party intends to join additional parties at this time.

18 │      2.     FACTS

19 │      A Brief Description Of The Events Underlying The Action:

20 │      Plaintiff's Allegations. Plaintiff Patrick Pierce's ("Pierce") complaint sets forth eight causes

21 │ of action, four of which are asserted against defendant Wells Fargo Bank ("WFB") based on

22 │ liability of Greater Bay Bancorp ("GBB"), which merged with WFB in 2007 and thereby rendered

23 │ WFB liable under Corporations Code section 1107(a) for GBB's obligations. Pierce's eight causes

24 │ of action are for: (1) breach by GBB of an oral contract to pay severance benefits in the event that

25 │ Pierce elected not to remain in the full-time employment of GBB's successor in the event of a

26 │ merger; (2) breach by WFB of a similar oral contract; (3) promissory estoppel against GBB based

27 │ on its promises to pay severance benefits in the event that Pierce elected not to remain in the full-

28 │

{00316705}

1    time employment of GBB's successor in the event of a merger; (4) promissory estoppel against

2    WFB based in a similar promise; (5) fraud/intentional misrepresentation by GBB that it would pay

3    severance benefits in the event that Pierce elected not to remain in the full-time employment of

4    GBB's successor in the event of a merger; (6) fraud/misrepresentation against WFB based on the

5    same misrepresentation; (7) negligent misrepresentation by GBB that it would pay severance

6    benefits in the event that Pierce elected not to remain in the full-time employment of GBB's

7    successor in the event of a merger; and (8) negligent misrepresentation against WFB based on the

8    same misrepresentation.

9          All of Pierce's claims are based on the allegation that representatives of GBB and WFB

10   promised and represented that after the merger between those entities Piece would be paid

11   severance benefits in the event that he elected not to remain in the full-time employment of GBB's

12   successor in the event of a merger.  Based on those promises and representations, Pierce continued

13   to work for GBB through consummation of the merger.  However, after the merger WFB refused to

14   provide the promised benefits.  Pierce accordingly seeks compensation in an amount representing

15   the value of the promised, but denied, benefits.

16         Defendant's Allegations.  WFB denies Pierce's allegations, but also contends that each of

17   Pierce's claims is preempted by ERISA and that Pierce needs to exhaust a claim for benefits before

18   bringing his present lawsuit.  It also contends that it is not the proper party to any ERISA suit, but

19   that Plaintiff needs to be suing the Plan directly.

20         The Principal Factual Issues Which The Parties Dispute:

21         Plaintiff's Allegations:

22         Whether GBB and WFB promised severance benefits in the event that Pierce elected not to

23   remain in the full-time employment of GBB's successor in the event of a merger;

24         Defendant's Allegations

      Whether Plaintiff was denied any ERISA benefit he was due.

25
      Whether Plaintiff has properly exhausted any claim under ERISA.

26
      (iv)     Whether Plaintiff is pursing and can pursue a claim for oral modifications of an

27

{00316705}28

Joint Case Management Statement and Order
Joint Case Management Statement and Order
(Case No. C08-01554 JF (HRL))

1    ERISA plan.

2    Pierce does not believe that any of the issues in paragraphs (ii) through (iv) are presented by

3    the causes of action asserted in his complaint.

4    3.    LEGAL ISSUES

5    The Principal Legal Issues Which The Parties Dispute:

6    (i)    Whether Pierce's claim are preempted by ERISA.

7    (ii)    Whether Plaintiff's claims fail under ERISA.

8    4.    MOTIONS

9    Prior Motions and Status:

10    None

11    Pending Motions and Status:

12    WFB has filed a motion to dismiss based on the alleged preemption of plaintiff's state law

13    claims by ERISA.  Pierce has filed a motion to remand the case to the superior court based on lack

14    of removal jurisdiction.  Both motions are opposed and a hearing on the motions is scheduled to

15    take place on the date of the Initial Case Management Conference, June 27, 2008.

16    Anticipated Motions:

17    Until the pending motions are decided, the parties cannot anticipate other motions that may

18    be necessary.

19    5.    AMENDMENT OF PLEADINGS

20    The Extent to Which Parties, Claims, or Defenses are Expected to be Added or Dismissed:

21    WFB has filed a motion to dismiss all claims as preempted by ERISA, and itself as a

22    wrongly-named party under ERISA.  If that motion is granted, there may be amendments.

23    6.    EVIDENCE PRESERVATION

24    Steps Taken to Ensure Evidence Preservation:

25    The parties have advised their respective clients to refrain from any document destruction

26    and to cease any document-destruction program and any ongoing erasures of voicemails, e-mails

27    and other electronically-recorded material.

28

{00316705}

-4-

7.    DISCLOSURES

The Parties Certify That They Have Made The Following Disclosures:

The parties have agreed that if the action is not dismissed and not remanded they will make their initial disclosures within 30 days of the Court's ruling on the pending motions.

8.    DISCOVERY

The parties have no yet commenced discovery due to the pending Motion to Dismiss and Motion for Remand. Until the Court rules on the pending Motion to Dismiss and Motion for Remand, the parties cannot determine a discovery plan.

Defendant contends that because Plaintiff's claims are preempted by ERISA, there will be no discovery. Rather, the merits of the issues (if Plaintiff exhausts his claims) will be decided by summary judgment based on the administrative record. Defendant contends the standard is for an abuse of discretion.

Pierce contends that because the action should be remanded to state court there is no need for a discovery plan in this court.

9.    CLASS ACTIONS

Not Applicable (this case is not a class action)

10.    RELATED CASES

There are no related cases.

11.    RELIEF

Amount of Damages Sought By Plaintiff:

Pierce claims damages equivalent to the promised severance benefits on his First through Sixth Causes of Action, in an estimated amount of not less than $250,000. On his remaining claims, Pierce seeks damages according to proof, also in an amount of not less than $250,000.

Bases on Which Plaintiff's Damages are Calculated:

Pierce's damages on his First through Sixth Causes of Action represent the estimated value of twelve month's pay at the rate at which he was being compensated at the time of ceasing work, plus a bonus and other benefits. Pierce's damages on his remaining claims represents an estimate of

{00316705}

-5-

his reliance damages.

Bases on Which Defendant Claims Plaintiff's Damages Should be Calculated, if Liability is Established:

WFB contends that Plaintiff's damages, if any, will be calculated by reference to the CIC Plan benefits.

12.    SETTLEMENT AND ADR

Depending on the outcome of the pending Motions to Dismiss and Motions for Remand, the parties are amenable to ADR.  The parties request assignment to mediation under the Court's Alternative Dispute Resolution Procedures, and have filed the appropriate stipulation.

13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Neither party consents to assignment of this case to a United States Magistrate Judge for a court or a jury trial.

14.    OTHER REFERENCES

The parties do not believe that the case is suitable for binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15.    NARROWING OF ISSUES

The parties are not aware of any such issues at this time that can be narrowed by agreement or by motion, other than the pending Motion to Dismiss and/or the Motion for Remand.

16.    EXPEDITED SCHEDULE

Whether This Case Can Be Handled On An Expedited Basis:

Plaintiff is not aware of any streamlined procedures, other than those specified in Paragraph 4 above, with which this case can be handled on an expedited basis.  WFB contends that under ERISA, the merits will be decided by summary judgment to determine whether there has been an abuse of discretion.

Pierce agrees with WFB with regard to expedition, but disagrees with its other contentions in the preceding paragraph.

17.    SCHEDULING

Plaintiff and Defendant disagree about whether there will be any discovery in this case

{00316705}

1  because they disagree as to whether ERISA governs Plaintiff's claims.  Defendant believes that the

2  merits will be determined by summary judgment and that no discovery and no trial is needed.

3     Plaintiff, however, suggests the following scheduling deadlines if the case is not remanded

4  or dismissed:

| Nature of Discovery/Event | Deadline |
|---|---|
| Rule 26 Initial Disclosures | Within 30 days after ruling on the pending motions. |
| Court Mediation | Within 120 days after the ruling on the pending motions. |
| Non-Expert Discovery Cutoff | Sixty (60) days before trial |
| Designation of Experts | 45 days before Expert Discovery Cutoff |
| Designation of Rebuttal Experts | 30 days before Expert Discovery Cutoff |
| Expert Discovery Cutoff | 60 days before trial |
| Last Day for Hearing on Dispositive Motions | 60 days before trial. |
| Proposed Date for Trial | Plaintiff requests a trial date in the first quarter of 2009. |

16     18.    TRIAL

17     Whether The Case Will Be Tried To A Jury Or To The Court:

18     Plaintiff has requested a trial by jury if the action is not remanded or dismissed.  Defendant

19  asserts there is no jury trial in ERISA cases, so believes the case will be presented to the Court in a

20  motion for summary judgment.  Plaintiff expects any trial to last approximately six court days.

21     19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

22     The parties have filed the "Certification of Interested Entities or Persons" required by Civil

23  Local Rule 3-16.  Neither party has identified any persons, firms, partnerships, corporations

24  (including parent corporations) or other entities known by either party to have either: (i) a financial

25  interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of

26  interest that could be substantially affected by the outcome of the proceeding.

27

{00316705}28

Joint Case Management Statement and Order
Joint Case Management Statement and Order
(Case No. C08-01554 JF (HRL))

1   Dated:  June __20__ , 2008               CARR & FERRELL *LLP*

2

3                               By: _____

4                                 STUART C. CLARK
                                    CHRISTINE S. WATSON

5                                 Attorneys for Plaintiff
                                 PATRICK PIERCE

6

7   Dated:  June 20, 2008                 ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9

10                              By: _____
                                 PATRICIA K. GILLETTE

11                               JOSEPH C. LIBURT
                               GREG J. RICHARDSON

12                               Attorneys for Defendant
                               WELLS FARGO BANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00316705}

-8-

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

Dated:  June ____, 2008

_____

HON. JEREMY FOGEL
JUDGE OF THE DISTRICT COURT

Joint Case Management Statement and Order
Joint Case Management Statement and Order
(Case No. C08-01554 JF (HRL))

{00316705