**E-Filed 7/18/08**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

PATRICK PIERCE,

                Plaintiff,

    v.

WELLS FARGO BANK; and, DOES 1-20,

                Defendants.

Case Number C 08-1554 JF

ORDER[1] DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

[re: docket nos. 7 and 11]

Plaintiff Patrick Pierce ("Pierce") originally filed the instant action in the Santa Clara Superior Court seeking severance benefits that his former employers, Greater Bay Bancorp ("GBB") and Wells Fargo Bank ("WFB"), allegedly promised but failed to provide.[2]  The case was removed to this Court on March 20, 2008.  On March 27, 2008, WFB filed the instant motion to dismiss.  On April 4, 2008, Pierce filed the instant motion to remand the case to the superior court.  For the reasons set forth below, the motion to remand will be denied, and the

---

[1] This disposition is not designated for publication in the official reports.

[2] GBB ceased to exist as a legal entity after its merger with WFB.  As the surviving entity, WFB is named as the party liable in place of GBB for the claims on which GBB allegedly is liable.

1  motion to dismiss will be granted with leave to amend his complaint in a manner consistent with
2  this order.

3                                          **I. BACKGROUND**

4        Pierce alleges the following:  GBB first hired Pierce in 1999, and by early 2007 Pierce
5  held the position of Senior Vice President and Director of Special Assets.  On or about May 4,
6  2007, GBB and WFB announced a merger agreement in which WFB would acquire GBB.
7  Shortly thereafter, GBB replaced its existing "Change of Control Plan" with a modified program
8  (hereinafter "the CIC Program" or "the Plan") that would provide severance benefits to any
9  employee who was terminated or denied a comparable position as a result of the merger.[3]  The
10 CIC Program defined "comparable position" as one that provided the same base salary rate as the
11 employee's prior position and did not require the employee to increase his commute by more
12 than thirty-five miles each way.  Pierce understood the CIC Program to grant severance benefits
13 after the merger regardless of whether or not an employee took a full-time position with WFB.

14       Pierce alleges that on June 22, 2007, September 10, 2007, and at other times before the
15 merger went into effect, GBB and WFB promised and represented that if he would continue to
16 work for WFB after the merger, he: (a) would not be forced to take a position that he did not
17 want; and (b) would be entitled to severance benefits under GBB's CIC Program if he elected not
18 to take a full time position at WFB.  Pierce alleges that acting in reliance on these promises, as
19 well as the expectation that he would receive severance benefits if he declined to work for WFB,
20 he did not pursue other employment opportunities and continued to work for GBB.

21       The merger took effect on October 1, 2007.  WFB claims that it met repeatedly with
22 Pierce to discuss a position at WFB after the merger, but that at each meeting Pierce stated that
23 he had no desire to work for WFB.  WFB also claims that it formally offered Pierce a

24  ─────────────────

25       [3] WFB filed a copy of the CIC Program with its motion to dismiss.  Pierce objects to this
26  evidence and moves to strike it from the record.  However, the document properly may be
    considered under the incorporation by reference doctrine.  *See In Re McKesson HBOC, Inc. Erisa*
27  *Litigation*, 391 F. Supp. 2d 812, n. 19 (N.D. Cal. 2005).  Pierce appears to challenge the
    authenticity of the document, but he does not provide specific reasons for doing so.  Accordingly,
28  the objections will be overruled and the motion to strike will be denied.

Case No. C08-1554 JF
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.
(JFEX1)

1  comparable, full-time position on November 1, 2007, but that instead Pierce accepted a

2  temporary position. In a series of letters to WFB management during the fall of 2007, Pierce

3  asserted that his post-merger position was not of comparable status and that he was entitled to

4  severance benefits under the CIC Program.

5      In a letter to Plan Committee members dated February 4, 2008, Pierce formally requested

6  benefits under the CIC Program. On the same day, he filed the present action in the superior

7  court seeking relief against WFB and GBB for breach of contract, promissory estoppel, fraud and

8  negligent misrepresentation. Pierce's claim for benefits was denied by the Plan Administrator on

9  April 24, 2008. The Plan Administrator explained that Pierce had been neither actually nor

10  constructively terminated by the merger and thus was not eligible for benefits. Pierce resigned

11  from WFB on March 24, 2008.

12      On March 20, 2008, WFB removed the present action to this Court on the basis of federal

13  question jurisdiction, asserting that the case is governed by the Employee Retirement Income

14  Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

15                              **II. DISCUSSION**

16  **A. Removal**

17      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the

18  plaintiff initially could have filed the action in federal court. *See Ethridge v. Harbor House*

19  *Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if

20  there is diversity of citizenship among the parties or if the action raises a substantial federal

21  question. *Ethridge*, 861 F.2d at 1393. The party invoking the removal statute bears the burden

22  of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal.

23  *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal

24  jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

25      In order to evaluate the instant remand motion, the Court must resolve the "question of

26  whether a party may assert a claim under ERISA" in this case. *Miller v. Rite Aid Corp.*, 504 F.3d

27  1102, 1105 (9th Cir. 2007). The ERISA statute defines an "employee benefit plan" as one

28  established by an employer for the purpose of providing employees with severance benefits and

3

1  other insurances. 29 U.S.C. § 1002(1). Pierce does not challenge WFB's assertion that the CIC

2  Program qualifies as an ERISA plan. In his complaint, Pierce states that the CIC Program was

3  established to provide "severance benefits for eligible employees of GBB whose employment

4  terminated [sic] in connection with the merger, or who were constructively terminated by not

5  being offered comparable positions with WFB." Complaint ¶ 6.

6      However, the parties dispute whether Pierce qualifies as a beneficiary of or participant in

7  the Plan. The ERISA statute defines "participant" in an ERISA plan as follows:

8      The term 'participant' means any employee or former employee of an employer,
       or any member or former member of an employee organization, who is or may
9      become eligible to receive a benefit of any type from an employee benefit plan
       which covers employees of such employer or members of such organization, or
10     whose beneficiaries may be eligible to receive any such benefit.

11  29 U.S.C.A. § 1002(7). The Supreme Court has interpreted this language to include an employee

12  currently in a covered position or one who has a "'colorable claim' to vested benefits" in that

13  "(1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be

14  fulfilled in the future." *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 117-18 (1989)

15  (internal citations omitted). Here, because he alleges that he was an employee who would have

16  become eligible for benefits had he been terminated through the merger, Pierce had a "colorable

17  claim" to benefits under the CIC Program.

18      Pierce argues that he is not a beneficiary because WFB denied him the benefits of the

19  Plan. However, as used in the ERISA statute, the term "participant" refers to potential coverage

20  under the ERISA plan and not an actual right to benefits. The Court concurs with WFB that

21  "[d]isputing whether benefits are *actually* owed is quite different from disputing coverage or

22  whether benefits ever *could be owed*." Reply Brief for Wells Fargo Bank, Pierce v. Wells Fargo

23  Bank, No. 08-1554 JF (N.D. Cal. Feb. 1, 2008) (emphasis in original). Indeed, if Pierce did not

24  believe at some point that he was covered by the CIC Program, he would not have filed a claim

25  for benefits under the Plan or disputed the Plan Administrator's findings. The fact that the Plan

26  Administrator ultimately found that Pierce was not entitled to benefits is irrelevant to the

27  determination of Pierce's status as a colorable "participant" at the time the lawsuit was filed. *See*

28  *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1039 (9th Cir. 2006).

4

1    Pierce's reliance on *Miller v. RiteAid Corp.*, 504 F.3d 1102 (9th Cir. 2007), is misplaced.

2    In his moving papers and at oral argument, Pierce emphasized *Miller*'s holding that "ERISA does

3    not preempt the claims of parties who do not have the right to sue under ERISA because they are

4    neither participants in nor beneficiaries of an ERISA plan."  *Miller*, 504 F.3d at 1105.  However,

5    although the plaintiff in *Miller* was a RiteAid employee, she was not covered by the ERISA plan

6    in question because the plan applied explicitly only to employees who met the "active at work"

7    requirement, which the Plaintiff did not.  In contrast, the ERISA plan at issue in this case

8    expressly covers *all* GBB employees at the time of the transfer, including Pierce.  Accordingly,

9    Pierce has a right to sue under ERISA, even if it is determined ultimately that he is not entitled to

10    benefits.

11    ERISA preemption applies to state law actions raised by participant employees of an

12    ERISA plan.  The preemption clause states that the provisions of ERISA "shall supersede any

13    and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29

14    U.S.C. § 1144(a).  As construed by the Supreme Court, the phrase "relates to" is to be "given its

15    broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense

16    of the phrase, if it has a connection with or reference to such a plan."  *Metropolitan Life Ins. Co.*

17    *v. Massachusetts*, 471 U.S. 724, 739 (1985).  ERISA's preemption clause is "deliberately

18    expansive" and extends to common law tort and contract actions.  *Pilot Life Ins. Co. v. Dedeaux*,

19    481 U.S. 41, 45-46 (1987); *see also Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir. 1985).

20    Further, claims brought under state law doctrines that do not refer explicitly to employee benefit

21    plans are preempted when such claims arise from the administration of an ERISA plan, whether

22    directly or indirectly.  *Ellenburg v. Brockway Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985).

23    Pierce contends in his moving papers  that his claims do not relate to an ERISA plan in

24    any way, and that he "is not by this action seeking to enforce remedies *under the Change in*

25    *Control Program,* but rather under a *separate and independent oral agreement*" that promised

26    him the CIC Program benefits "*irrespective of whether or not [he] is entitled to benefits under*

27    *the Change in Control Program*."  Brief for Patrick Pierce, Pierce v. Wells Fargo Bank, No. 08-

28    1554 JF (N.D. Cal. Feb. 1, 2008) (emphasis in original).  However, the allegations of the

5

1    complaint clearly suggest otherwise.  In the first paragraph, Pierce alleges that:

2        [W]hen Pierce sought to elect benefits under the Change in Control Pay Plan
         pursuant to WFB's promises and representations, WFB refused to make those
3        benefits available to him, and WFB has persisted in such refusal.  Pierce
         accordingly seeks by this action to compel WFB to provide the promised and
4        represented benefits that WFB has refused to provide.

5    Complaint ¶ 1.  Pierce's claims thus "relate" to the Plan in the normal sense of the word; in

6    essence Pierce alleges that Plan benefits should extend to employees who do not elect to take

7    full-time positions with WFB.  Complaint ¶ 7.  Pierce also requests equitable relief in the form of

8    enforcing the provisions of the Plan.  Complaint ¶¶ 29 and 36.  Because Pierce's state law claims

9    are sufficiently related to the ERISA plan to give rise to ERISA preemption, removal was proper.

10   **B. Dismissal**

11        A complaint may be dismissed for failure to state a claim upon which relief can be

12   granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

13   a cognizable legal theory.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *Conley v.*

14   *Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-

15   34 (9th Cir. 1984).  For the purposes of a motion to dismiss, the plaintiff's allegations are taken

16   as true and the Court must construe the complaint in the light most favorable to the plaintiff.  The

17   Court's review is limited to the face of the complaint and matters judicially noticeable pursuant

18   to the Federal Rules of Evidence, Rule 201.  FED. R. EVID. 201; *Jenkins v. McKeithen*, 395 U.S.

19   441, 421 (1969); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *North*

20   *Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Leave to amend must be

21   granted unless it is absolutely clear that the deficiencies of the complaint cannot be cured by

22   amendment.  *See, e.g.*, *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

23        WFB argues that dismissal is warranted for four independently sufficient reasons,

24   including that: (1) Pierce fails to plead a cognizable claim under ERISA; (2) Pierce has not

25   exhausted his administrative remedies as required by ERISA; (3) an ERISA plan may not be

26   modified by an oral agreement: and (4) WFB is not the proper defendant to an ERISA claim.

27   Because Pierce asserts state law claims that are preempted by ERISA and at the same time has

28   not alleged a cognizable claim pursuant to ERISA, WFB's position is well taken.  Accordingly,

6

1  the complaint will be dismissed. Because there is a reasonable probability that Pierce may be

2  able to state a cognizable claim, leave to amend will be granted.

3                                    **III. ORDER**

4           Good cause therefor appearing, IT IS HEREBY ORDERED that:

5           (1) the motion to remand is DENIED; and

6           (2) the motion to dismiss is GRANTED, with leave to amend;

7           Any amended complaint shall be filed within thirty (30) days of the date of this order.

8  Pursuant to their agreement at oral argument, the parties are referred to Magistrate Judge Lloyd

9  for a judicial settlement conference.

10

11          DATED: July 18, 2008

12                                          _____
                                            JEREMY FOGEL
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C08-1554 JF
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.
(JFEX1)

This Order has been served upon the following persons:

Christine S. Watson
cwatson@carrferrell.com

Stuart C. Clark
sclark@carrferrell.com

Andrew Ralston Livingston
alivingston@orrick.com

Greg James Richardson
grichardson@orrick.com

Joseph Charles Liburt
jliburt@orrick.com

Patricia K. Gillette
pgillette@orrick.com