STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL *LLP*
2200 Geng Road
Palo Alto, California 94303
Telephone: (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiff
PATRICK PIERCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICK PIERCE,<br><br>              Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A.<br>and DOES 1 through 20,<br><br>              Defendants. | CASE NO. C08-01554 JF (HRL)<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, FRAUD, FRAUDULENT PROMISE, AND NEGLIGENT MISREPRESENTATION** |

## INTRODUCTION

1.     Plaintiff Patrick Pierce ("Pierce") is a former employee of defendant Wells Fargo Bank, N.A. ("WFB"), and he was also previously employed by non-party Greater Bay Bancorp ("GBB"). During 2007 WFB acquired GBB, and in the course the acquisition process GBB and WFB made promises and representations to Pierce that if he continued to work for GBB through the acquisition, after the effective date of the acquisition WFB would not force him to accept a position at WFB, but would permit him to instead elect to receive severance benefits under a Change in Control Pay Plan that had been established by GBB. However after Pierce had worked for GBB through the date of the acquisition, and when he sought to elect benefits under the Change in Control Pay Plan pursuant to WFB's and GBB's promises and representations, WFB refused to cause those benefits to be made available to him. WFB has persisted in its refusal to cause those

1   severance benefits to be made available to Pierce, and the plan administrator has refused to pay

2   benefits under the Change in Control Pay Plan.  Pierce accordingly seeks by this action to recover

3   the damages that he has sustained as the result of WFB's and GBB's: (1) failures and/or refusals to

4   fulfill their contractual obligation to cause the Change in Control Pay Plan to provide the promised

5   and represented severance benefits; (2) failures and/or refusals to implement their promises and

6   representations to provide such benefits, under principles of promissory estoppel; (3) false

7   representations that they would be entitled to the promised and represented benefits under the

8   Change in Control Pay Plan; and (4) false promises and representations, without any intention of

9   performing such promises and representations, that they would cause the Change in Control Pay

10  Plan to provide such benefits.  Pierce also seeks payment of costs, and such other relief as may be

11  appropriate.

12  **JURISDICTION**

13       2.    Pierce contends that this court lacks jurisdiction on either federal question or

14  diversity grounds, and that the action should be remanded to state court.  WFB contends, however,

15  in its Notice of Removal of this action from state court that this court has jurisdiction under 28

16  U.S.C. § 1331 and 29 U.S.C. § 1144(a).

17  **VENUE**

18       3.    Because Pierce contends that this court lacks subject matter jurisdiction, he further

19  contends that venue is improper in this court.  If the court possesses subject matter jurisdiction,

20  however, venue would be proper in this court pursuant to 28 U.S.C. section 1391(a), in that a

21  substantial part of the events giving rise to the claim occurred in this district, namely WFB's and

22  GBB's promises and representations, and WFB's failure to perform in accordance with such

23  promises and representations.

24  **INTRADISTRICT ASSIGNMENT**

25       4.    Because Pierce contends that this court lacks subject matter jurisdiction, he further

26  contends that venue is improper in any court in this district.  If the court possesses subject matter

27  jurisdiction, however, this action would be required to be assigned to the San Jose Division of this

28  District under Civil Local Rule 3-2(c) and (d), by virtue of the facts alleged in paragraph 3, above.

## PARTIES

5.    Plaintiff Patrick Pierce is an individual who works in Palo Alto, in the County of Santa Clara.

6.    Defendant Wells Fargo Bank N.A. is a national banking association with its principal place of business in California, and which carries on business in, among other places, the County of Santa Clara.

7.    Pierce is ignorant of the true names or capacities of the individual and business entity defendants sued herein under the fictitious names Doe 1 through 10 inclusive.  Pierce will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.  Each of such defendants is in some way responsible for the wrongful acts complained of below.

## GENERAL ALLEGATIONS

8.    During or about May, 2007 WFB and GBB entered into an agreement under which WFB agreed to acquire GBB in a stock-for-stock merger.  That acquisition was implemented on its effective date of October 1, 2007.

9.    At the time that the merger of WFB and GBB was implemented there was in existence a Change in Control Pay Plan (the "CIC Plan") at GBB which provided severance benefits for eligible employees of GBB whose employment terminated in connection with the merger, or who were constructively terminated by not being offered comparable positions with WFB.  In the case of a GBB employee at the level of Pierce those promised and represented severance benefits (the "Severance Benefits") potentially included but were not limited to an amount equivalent to twelve months pay at the rate at which he was being compensated at the time of ceasing work, plus a bonus and other benefits.

10.    At various times, including but not limited to June 22, 2007 and September 10, 2007, authorized agents of GBB and WFB promised and represented to Pierce that if he continued to work for GBB through the merger with WFB then Pierce:

(a)    would not be forced to take a position with WFB after the merger that he did not want; and,

(b)    would be entitled to receive Severance Benefits if he elected not to take a full-time position with WFB.

11.    The promises and representations referred to in the preceding paragraph were made to Pierce by, among others, Ken Shannon, Executive Vice President of GBB, and Jeanette Mebane, Vice President of WFB.  Ken Shannon was expressly authorized by Don Fracchia, Executive Vice President of WFB, to make such promises and representations on behalf of WFB.

12.    Acting in reliance on the promises and representations referred to above, Pierce continued to work for GBB until the effective date of the merger, and did not pursue other employment opportunities, in the expectation that if he chose not to accept a full-time position with WFB after the merger he would receive compensation equivalent to the Severance Benefits.

13.    WFB and GBB caused the CIC Plan to be amended as of September 27, 2008. Despite the fact that this amendment gave WFB and GBB an ideal opportunity to include among such amendments a provision for payment of the benefits that both WFB and GBB had promised and represented would be available to Pierce if he elected not to take a full-time position with WFB, WFB and GBB failed to include the promised and represented benefits among the amendments to the plan.

14.    WFB and GBB did not inform Pierce that the amendments that were made to the plan as of September 27, 2008 did not include amendments giving effect to the promised and represented benefits, with the result that Pierce continued to work for GBB through the date of the merger in continuing reliance on the promise and representation that he would receive such benefits if he elected not to accept a full-time position with WFB after the merger.  WFB did not disclose to Pierce that the amendments were inconsistent with GBB's and WFB's promises and representations, nor even that the plan had been amended, until June 10, 2008, when WFB included a copy of the amended CIC Plan in a filing (Document 26) in opposition to Pierce's motion to remand this action to state court.

15.    By letter dated November 1, 2007 WFB informed Pierce that the position that WFB had "identified" for him post-merger was that of Loan Adjustment Manager 3 at WFB's Cowper Street Branch in Palo Alto.  The letter further stated that this would be a transition position through

1    February 28, 2008, not a full-time position.

2          16.     By letter dated November 8, 2007 WFB asserted that offering Pierce the transition

3    position referred to in the preceding paragraph excused WFB from any obligation to pay the

4    Severance Benefits to Pierce.

5          17.     By letters dated November 30, 2007 and December 19, 2007, counsel for Pierce

6    rejected WFB's position and reiterated Pierce's entitlement to receive the Severance Benefits.  In

7    the December 19, 2007 letter counsel for Pierce stated, among other things that:

8    
9            Although this has not been formally communicated, it appears that WFB may
be taking the position that Mr. Pierce is not technically entitled to receive a
Change in Control Package.  Whether or not that is the case is not a matter
10   that we need to address at this time, however, because WFB and GBB made
representations and promises that Mr. Pierce would be entitled to receive a
11   package, and he detrimentally relied on those representations and promises to
change his position to his prejudice. Under those circumstances, WFB is
12   liable for any damages that Mr. Pierce may suffer, namely a loss of benefits
equivalent to those that accrue to a person entitled to benefits under the
13   Change in Control Package.

14         18.     By letter dated January 10, 2008 WFB denied that its' and GBB's representatives

15   had made the promises and representations relied on by Pierce, and alleged in the alternative that if

16   such promises and representations had been made by Ken Shannon then he did not have the

17   authority to make those promises and representations.  WFB further denied that Pierce was entitled

18   to receive Severance Benefits either based on the promises and representations relied on by Pierce,

19   or under the CIC Plan.

20         19.     On February 4, 2008 Pierce filed this action (the "Action") in the Santa Clara

21   County Superior Court, asserting the following claims against WFB:

22         (a)     a claim for breach by GBB of the contract formed by Pierce's

23                 acceptance of GBB's offer constituted by its promise and

24                 representation referred to in paragraph 10, above;

25         (b)     a claim for breach by WFB of the contract formed by Pierce's

26                 acceptance of WFB's offer constituted by its promise and

27                 representation referred to in paragraph 10, above;

28         (c)     a claim for promissory estoppel based on Pierce's acceptance of

GBB's promise and representation referred to in paragraph 10, above;

(d)    a claim for promissory estoppel based on Pierce's acceptance of WFB's promise and representation referred to in paragraph 10, above;

(e)    a claim for fraud based on intentional misrepresentation based on Pierce's reliance on GBB's promise and representation referred to in paragraph 10, above;

(f)    a claim for fraud based on intentional misrepresentation based on Pierce's reliance on WFB's promise and representation referred to in paragraph 10, above;

(g)    a claim for fraud based on negligent misrepresentation based on Pierce's reliance on GBB's promise and representation referred to in paragraph 10, above; and,

(h)    a claim for fraud based on negligent misrepresentation based on Pierce's reliance on WFB's promise and representation referred to in paragraph 10, above.

20.    Simultaneously with the filing of this action, by letter also dated February 4, 2008, Pierce applied for severance benefits under the CIC Plan. In applying for such benefits Pierce expressly stated that his application was being made without prejudice to his right to assert the separate and independent claims asserted in this action, thus:

> Please note that this claim is being made under reservation of all rights to assert all of the claims that are asserted in the Action. In particular, it remains my position that independently of my claim under the Plan I am also entitled to enforce the promises and representations made to me that even if I elected not to take a comparable position with WFB I would be entitled to receive benefits under the Plan.

21.    By letter dated April 24, 2008 WFB, in its capacity as the administrator of the CIC Plan, rejected Pierce's claim for benefits under the plan. Subsequently, by letter dated August 15, 2008 WFB, again acting in its capacity as the administrator of the CIC Plan, rejected Pierce's request for review of the denial of his claim for benefits under the plan. Thus, Pierce has exhausted

1   his remedies under the CIC Plan, and has finally and conclusively been denied any and all benefits

2   under that plan.

3                          **FIRST CAUSE OF ACTION**
4                              (Breach of Contract - GBB)

5       22.    Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

6       23.    The promises and representations referred to in paragraph 10, above, constituted

7   offers by GBB to cause the CIC Plan to pay Severance Benefits to Pierce in the event that he

8   elected not to remain in the full-time employment of WFB after the merger, notwithstanding that

9   Pierce might have been offered the opportunity to continue working for WFB in a position

10  comparable to that which he held at GBB.

11      24.    Pierce accepted the offers referred to in the preceding paragraph, both expressly and

12  by his conduct in continuing to work at GBB through the effective date of the merger, thereby

13  giving rise to an express contract between Pierce and GBB.

14      25.    It was an express, alternatively implied, term of the contract referred to in the

15  preceding paragraph that GBB would cause the CIC Plan to be amended, if and to the extent

16  necessary, to provide the benefits promised and represented by GBB.

17      26.    GBB breached the contract formed by the offer and acceptance referred to in

18  paragraphs 23 and 24, above, by refusing and/or failing to cause the CIC Plan to pay Severance

19  Benefits to Pierce after the effective date of the merger, on his election not to remain in the full-

20  time employment of WFB.

21      27.    As a result of GBB's breach referred to in the preceding paragraph, Pierce has been

22  damaged in an amount equivalent to the benefits that he would have received had GBB fulfilled its

23  promises and representations, in an amount according to proof, but which is not less than $250,000.

24      28.    As the successor entity following the merger between GBB and WFB, WFB is

25  responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

26  Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's

27  breach.

28          WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

{00333138v1}

## SECOND CAUSE OF ACTION
(Breach of Contract - WFB)

29.     Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

30.     The promises and representations referred to in paragraph 10, above, which were also made by and/or on behalf of WFB, constituted offers by WFB to cause the CIC Plan to pay Severance Benefits to Pierce in the event that he elected not to remain in the full-time employment of WFB after the merger, notwithstanding that Pierce might have been offered the opportunity to continue working for WFB in a position comparable to that which he held at GBB.

31.     Pierce accepted the offers referred to in the preceding paragraph, both expressly and by his conduct in continuing to work at GBB through the effective date of the merger, thereby giving rise to an express contract between Pierce and WFB.

32.     It was an express, alternatively implied, term of the contract referred to in the preceding paragraph that WFB would cause the CIC Plan to be amended, if and to the extent necessary, to provide the benefits promised and represented by WFB

33.     WFB breached the contract formed by the offer and acceptance referred to in paragraphs 30 and 31, above, by refusing and/or failing to cause the CIC Plan to pay Severance Benefits to Pierce after the effective date of the merger, on his election not to remain in the full-time employment of WFB.

34.     As a result of WFB's breach referred to in the preceding paragraph, Pierce has been damaged in an amount equivalent to the benefits that he would have received had WFB fulfilled its promises and representations, in an amount according to proof, but which is not less than $250,000.

WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

## THIRD CAUSE OF ACTION
(Promissory Estoppel - GBB)

35.     Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

36.     The promises and representations referred to in paragraph 10, above, constituted promises by GBB to cause the CIC Plan to pay Severance Benefits to Pierce in the event that he elected not to remain in the full-time employment of WFB after the merger, and notwithstanding

1    that Pierce might have been offered the opportunity to continue working for WFB in a position

2    comparable to that which he held at GBB.

3        37.    Pierce relied on the promises and representations referred to in the preceding

4    paragraph, both expressly and by his conduct, including but not limited to by continuing to work at

5    GBB through the effective date of the merger, and in not seeking alternative employment.

6        38.    GBB failed and/or refused to perform in accordance with its promises and

7    representations referred to in paragraph 36, above, by refusing and/or failing to cause the CIC Plan

8    to pay Severance Benefits to Pierce after the effective date of the merger.

9        39.    As a result of GBB's failure and/or refusal to perform referred to in the preceding

10    paragraph, Pierce has been damaged in an amount equivalent to the benefits that he would have

11    received had GBB fulfilled its promises and representations, in an amount according to proof, but

12    which is not less than $250,000.

13        40.    Equity requires that GBB should be held liable for the damages sustained by Pierce,

14    in that the injustice to Pierce resulting from GBB's non-performance of its promises and

15    representations can be avoided only by the enforcement of those promises and representations.

16        41.    As the successor entity following the merger between GBB and WFB, WFB is

17    responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

18    Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's

19    failure and/or refusal to perform.

20        WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

21                        **FOURTH CAUSE OF ACTION**

22                         (Promissory Estoppel - WFB)

23        42.    Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

24        43.    The promises and representations referred to in paragraph 10, above, constituted

25    promises by WFB to pay Severance Benefits to Pierce in the event that he elected not to remain in

26    the full-time employment of WFB after the merger, and notwithstanding that Pierce might have

27    been offered the opportunity to continue working for WFB in a position comparable to that which

28    he held at GBB.

{00333138v1}

44.     Pierce relied on the promises and representations referred to in the preceding paragraph, both expressly and by his conduct, including but not limited to by continuing to work at GBB through the effective date of the merger, and in not seeking alternative employment.

45.     WFB failed and/or refused to perform in accordance with its promises and representations referred to in paragraph 43, above, by refusing and/or failing to cause the CIC Plan to pay Severance Benefits to Pierce after the effective date of the merger.

46.     As a result of WFB's failure and/or refusal to perform referred to in the preceding paragraph, Pierce has been damaged in an amount equivalent to the benefits that he would have received had WFB fulfilled its promises and representations, in an amount according to proof, but which is not less than $250,000.

47.     Equity requires that WFB should be held liable for the damages sustained by Pierce, in that the injustice to Pierce resulting from WFB's non-performance of its promises and representations can be avoided only by the enforcement of those promises and representations.

WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

## FIFTH CAUSE OF ACTION
(Fraud – Intentional Misrepresentation – GBB)

48.     Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

49.     By making the promises and representations to Pierce that are referred to in paragraph 10, above, the authorized agents of GBB referred to in paragraph 11, above, represented to Pierce that important facts were true, namely that if he continued to work for GBB through the merger with WFB then he would not be forced to take a position with WFB after the merger that he did not want and would be entitled to receive Severance Benefits if he elected not to take a full time position with WFB.

50.     The above promises and representations were made by GBB with the intent to induce Pierce to continue working for GBB until after the merger with WFB.

51.     Based on WFB's conduct subsequent to the effective date of the merger in denying that GBB promised and represented that he:

(a)     would not be forced to take a position with WFB after the merger that he did not

1       want; and,

2       (b)     would be entitled to receive benefits under the CIC Plan if he elected not to take new

3               full-time positions with WFB;

4   Pierce alleges on information and belief that the said promises and representations were false.

5       52.     Based on WFB's conduct subsequent to the effective date of the merger in denying

6   that GBB made the promises and representations referred to in the preceding paragraph, Pierce

7   alleges on information and belief that the said promises and representations were made knowing of

8   their falsity or recklessly and without regard for the truth thereof.

9       53.     The authorized agents of GBB referred to in paragraph 11, above, made the

10  promises and representations to Pierce that are referred to in paragraph 10, above, with the

11  intention that Pierce should rely on the truth of such promises and representations.

12      54.     Pierce reasonably relied on the said promises and representations, among other

13  things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

14  employment opportunities, in the expectation that if he chose not to work full-time with WFB after

15  the merger he would receive the Severance Benefits under the CIC Plan.

16      55.     As a result of Pierce's reliance on GBB's promises and representations, he has been

17  damaged in an amount according to proof, but which is not less than $100,000.

18      56.     As the successor entity following the merger between GBB and WFB, WFB is

19  responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

20  Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's fraud.

21      WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

22                              **SIXTH CAUSE OF ACTION**

23                          (Fraud – Intentional Misrepresentation - WFB)

24      57.     Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

25      58.     By making the promises and representations to Pierce that are referred to in

26  paragraph 10, above, the authorized agents of WFB referred to in paragraph 11, above, represented

27  to Pierce that important facts were true, namely that if he continued to work for GBB through the

28  merger with WFB then he would not be forced to take a position with WFB after the merger that he

{00333138v1}

1    did not want and would be entitled to receive Severance Benefits if he elected not to take a full time

2    position with WFB.

3           59.    The above promises and representations were made by WFB with the intent to

4    induce Pierce to continue working for GBB until after the merger with WFB.

5           60.    Based on WFB's conduct subsequent to the effective date of the merger in denying

6    that it promised and represented that he:

7           (a)     would not be forced to take a position with WFB after the merger that he did not

8                   want; and,

9           (b)     would be entitled to elect benefits under the CIC Plan if he elected not to take a full-

10                  time position with WFB;

11   Pierce alleges on information and belief that the said promises and representations were false.

12          61.    Based on WFB's conduct subsequent to the effective date of the merger in denying

13   that it made the promises and representations referred to in the preceding paragraph, Pierce alleges

14   on information and belief that the said promises and representations were made knowing of their

15   falsity or recklessly and without regard for the truth thereof.

16          62.    The authorized agents of WFB referred to in paragraph 11, above, made the

17   promises and representations to Pierce that are referred to in paragraph 10, above, with the

18   intention that Pierce should rely on the truth of such promises and representations.

19          63.    Pierce reasonably relied on the said promises and representations, among other

20   things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

21   employment opportunities, in the expectation that if he chose not to work full-time with WFB he

22   would receive the Severance Benefits under the CIC Plan.

23          64.    As a result of Pierce's reliance on WFB's promises and representations, he has been

24   damaged in an amount according to proof, but which is not less than $100,000.

25          WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

26

27

28

{00333138v1}

## SEVENTH CAUSE OF ACTION
### (Fraud – Promise Without Intention To Perform – GBB)

65.    Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

66.    By making the promises and representations to Pierce that are referred to in paragraph 10, above, the authorized agents of GBB referred to in paragraph 11, above, represented to Pierce that important facts were true, namely that if he continued to work for GBB through the merger with WFB then Pierce would not be forced to take a position with WFB after the merger that he did not want and would be entitled to receive Severance Benefits if he elected not to take a full time position with WFB.

67.    Based on GBB's conduct subsequent to making the promise and representations referred to above, including but not limited to GBB's refusal and/or failure to amend the CIC Plan to conform to GBB's promises and representations, Pierce alleges on information and belief that at the time that GBB made those promises and representations it had no intention of performing as promised and represented.

68.    Based on WFB's conduct described above, Pierce alleges on information and belief that the said promises and representations were made knowing of their falsity or recklessly and without regard for the truth thereof.

69.    The authorized agents of GBB referred to in paragraph 11, above, made the promises and representations to Pierce that are referred to in paragraph 10, above, with the intention that Pierce should rely on the truth of such promises and representations.

70.    Pierce reasonably relied on the said promises and representations, among other things, by continuing to work for GBB until the effective date of the merger, and not pursuing other employment opportunities, in the expectation that if he chose not to work full-time with WFB after the merger he would receive the Severance Benefits under the CIC Plan.

71.    As a result of Pierce's reliance on GBB's promises and representations, he has been damaged in an amount according to proof, but which is not less than $100,000.

72.    As the successor entity following the merger between GBB and WFB, WFB is responsible for the payment of all liabilities of GBB, under Corporations Code section 1107.

1    Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's fraud.

2        WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

3                                    **EIGHTH CAUSE OF ACTION**

4                  (Fraud – Promise Without Intention To Perform – WFB)

5        73.      Pierce realleges and incorporates by reference paragraphs 1 though 21, above.

6        74.      By making the promises and representations to Pierce that are referred to in

7    paragraph 10, above, the authorized agents of WFB referred to in paragraph 11, above, represented

8    to Pierce that important facts were true, namely that if he continued to work for GBB through the

9    merger with WFB then Pierce would not be forced to take a position with WFB after the merger

10   that he did not want and would be entitled to receive Severance Benefits if he elected not to take a

11   full time position with WFB.

12       75.      Based on WFB's conduct subsequent to making the promise and representations

13   referred to above, including but not limited to WFB's refusal and/or failure to amend the CIC Plan

14   to conform to WFB's promises and representations, Pierce alleges on information and belief that at

15   the time that WFB made those promises and representations it had no intention of performing as

16   promised and represented.

17       76.      Based on WFB's conduct described above, Pierce alleges on information and belief

18   that the said promises and representations were made knowing of their falsity or recklessly and

19   without regard for the truth thereof.

20       77.      The authorized agents of WFB referred to in paragraph 11, above, made the

21   promises and representations to Pierce that are referred to in paragraph 10, above, with the

22   intention that Pierce should rely on the truth of such promises and representations.

23       78.      Pierce reasonably relied on the said promises and representations, among other

24   things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

25   employment opportunities, in the expectation that if he chose not to work full-time with WFB after

26   the merger he would receive the Severance Benefits under the CIC Plan.

27       79.      As a result of Pierce's reliance on WFB's promises and representations, he has been

28   damaged in an amount according to proof, but which is not less than $100,000.

1

2

## NINTH CAUSE OF ACTION
(Negligent Misrepresentation - GBB)

3    80.    Pierce realleges and incorporates by reference paragraphs 1 though 21, 49 through

4   51, and 53, above.

5    81.    Based on WFB's conduct subsequent to the effective date of the merger in denying

6   that it and/or GBB made the promises and representations referred to in paragraph 10, above, Pierce

7   alleges on information and belief that the said promises and representations were made without

8   reasonable grounds for believing that the promises and representations were true when made.

9    82.    Pierce reasonably relied on the said promises and representations, among other

10   things, by continuing to work for GBB until the effective date of the merger, and not pursuing other

11   employment opportunities, in the expectation that if he chose not to work full-time with WFB he

12   would receive the Severance Benefits under the CIC Plan.

13    83.    As a result of Pierce's reliance on GBB's promises and representations, he has been

14   damaged in an amount according to proof, but which is not less than $100,000.

15    84.    As the successor entity following the merger between GBB and WFB, WFB is

16   responsible for the payment of all liabilities of GBB under Corporations Code section 1107.

17   Consequently, WFB is liable for the damages sustained by Pierce as a consequence of GBB's fraud.

18    WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

19

20

## TENTH CAUSE OF ACTION
(Negligent Misrepresentation - WFB)

21    85.    Pierce realleges and incorporates by reference paragraphs 1 though 21, 58 through

22   60, and 62, above.

23    86.    Based on WFB's conduct subsequent to the effective date of the merger in denying

24   that it and/or GBB made the promises and representations referred to in paragraph 10, above, Pierce

25   alleges on information and belief that the said promises and representations were made without

26   reasonable grounds for believing that the promises and representations were true when made.

27    87.    Pierce reasonably relied on the said promises and representations, by, among other

28   things, continuing to work for GBB until the effective date of the merger, and not pursuing other

1    employment opportunities, in the expectation that if he chose not to work full time with WFB he

2    would receive the Severance Benefits under the CIC Plan.

3        88.    As a result of Pierce's reliance on WFB's promises and representations, he has been

4    damaged in an amount according to proof, but which is not less than $100,000.

5        WHEREFORE, Pierce prays for judgment as set out in the Prayer, below.

6

7                                        **PRAYER**

8        WHEREFORE, Pierce prays for judgment against WFB as follows:

9        1.    On the First Cause of Action, for breach of contract, for damages according to proof

10   in an amount not less than $250,000;

11       2.    On the Second Cause of Action, for breach of contract, for damages according to

12   proof in an amount not less than $250,000;

13       3.    On the Third Cause of Action, for promissory estoppel, for damages according to

14   proof in an amount not less than $250,000;

15       4.    On the Fourth Cause of Action for promissory estoppel, for damages according to

16   proof in an amount not less than $250,000;

17       5.    On the Fifth Cause of Action, for fraudulent misrepresentation, for damages

18   according to proof in an amount not less than $100,000;

19       6.    On the Sixth Cause of Action, for fraudulent misrepresentation, for damages

20   according to proof in an amount not less than $100,000;

21       7.    On the Seventh Cause of Action, for promissory fraud, for damages according to

22   proof in an amount not less than $100,000;

23       8.    On the Eighth Cause of Action, for promissory fraud, for damages according to

24   proof in an amount not less than $100,000;

25       9.    On the Ninth Cause of Action, for negligent misrepresentation, for damages

26   according to proof in an amount not less than $100,000;

27       10.   On the Tenth Cause of Action, for negligent misrepresentation, for damages

28   according to proof in an amount not less than $100,000;

1     11.     For interest at the rate of 10% per annum;

2     12.     For costs of suit; and

3     13.     For such further or alternative relief as may be appropriate.

4

5     Dated:  August 29, 2008                    CARR & FERRELL *LLP*

6

7

                                        By:_____
8                                          STUART C. CLARK
                                           CHRISTINE S. WATSON
9
                                           Attorneys for Plaintiff
10                                         PATRICK PIERCE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              First Amended Complaint
                           (Case No. C08-01554 JF (HRL))

1

## **DEMAND FOR JURY TRIAL**

2

3       Plaintiff Patrick Pierce hereby demands a jury trial of all issues in the above-captioned

4   action which are triable to a jury.

5

6   Dated:  August 29, 2008                     CARR & FERRELL *LLP*

7

8                                         By: _____
9                                             STUART C. CLARK
                                              CHRISTINE S. WATSON
10
                                              Attorneys for Plaintiff
11                                            PATRICK PIERCE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28